IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONFERENCE AMERICA, INC.'S FIRST REQUESTS FOR ADMISSION
TO DHL EXPRESS (USA), INC.**

Plaintiff Conference America, Inc. ("Conference America") requires that

Defendant DHL Express (USA), Inc. ("DHL") respond to these Requests for

Admission within 30 days from the date of service.  Responses to these Requests

for Admission must be made separately and fully in writing, and furnished to

Conference America's attorney, Robert P. Williams, II, Troutman Sanders LLP,

Bank of America Plaza – Suite 5200, 600 Peachtree Street N.E., Atlanta, GA

30308-2216.

You (meaning DHL) are hereby notified, pursuant to FRCP 37(c), that if

DHL fails to admit the truth of any matter requested herein, and if Conference

America thereafter proves the truth of any such matter, Conference America will

apply to the Court for an order requiring DHL to pay Conference America's

reasonable expenses, including attorneys' fees, incurred in making that proof.

Separate and complete responses (or, as the case may be, separate objections) are required for each request or subpart thereof.  To the extent that you respond to any Request with anything other than an unqualified admission or denial, you must do so consistent with FRCP 36.  In each case where lack of information or knowledge is asserted as a reason for failure to admit or deny a request or subpart thereof, state in detail the efforts made to supply an answer.  If you deny or object to only part of any Request, set forth specifically the portion(s) which you deny or to which you object, together with a statement of your reasons for objecting.

When used in these Requests for Admission, the words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive.  In answering these Requests, you are requested to consider all knowledge or information in your possession, custody, or control, including all knowledge or information in the possession, custody, or control of any person acting on your behalf, including any investigators, agents, or other representatives.  When used in these Requests for Admission, the terms "Defendant," "you," "your," and/or "DHL" shall embrace and include, in addition to Defendant DHL Express (USA), Inc., all agents, employees, servants, representatives, parent entities, subsidiaries, affiliates, corporate relatives, and/or others who have obtained information for or on behalf of DHL.  When used in

these Requests for Admission, the terms "Plaintiff" and/or "Conference America" shall embrace and include, in addition to Plaintiff Conference America, Inc., all of Conference America's agents, employees, servants, and/or representatives.

These Requests shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between the time answers are served and the time of conclusion of trial.

## Requests for Admission

1.    Admit that, prior to March 1, 2006, DHL did not notify Conference America of any objection to Conference America's terms, conditions, and prices appearing on Conference America's website.

2.    Admit that, as of March 1, 2006, Conference America deactivated all user accounts with Conference America for DHL Worldwide Express and affiliated companies.

3.    Admit that each of the 1,981 accounts deactivated by Conference America as of March 1, 2006, was previously identified by Conference America to DHL as an active account in one or more bills or invoices for conferencing services that Conference America sent to DHL prior to March 1, 2006.

4.    Admit that, prior to March 1, 2006, one or more representatives of Conference America identified to one or more representatives of DHL the account

set-up procedure used to establish Conference America user accounts for DHL employees.

5.     Admit that one or more Conference America representatives explained to one or more DHL representatives, in writing or in person, the procedure that DHL employees should use when establishing user accounts with Conference America.

6.     Admit that one or more DHL representatives explained or outlined to DHL employees, in writing or in person, the procedure that DHL employees should use when establishing user accounts with Conference America.

7.     Admit that Conference America provided DHL with invoices in the form specified in the parties' agreement or as otherwise requested by DHL.

8.     Admit that the invoices provided by Conference America to DHL showed the usage by each DHL user whose usage was the subject of such invoices.

9.     Admit that the user accounts that were the subject of each invoice provided by Conference America to DHL were identified on such invoices by the name of each user.

10.     Admit that DHL maintained records of use of some or all of Conference America's services by individual DHL users.

11.     Admit that DHL did not maintain records of use of any of Conference America's services by individual DHL users.

12.    Admit that, prior to March 1, 2006, DHL did not review Conference America's website terms, conditions, and prices to ascertain the price for deactivation of accounts.

13.    Admit that, prior to March 1, 2006, DHL did not enquire of Conference America as to the price for deactivation of accounts.

14.    Admit that, prior to March 1, 2006, DHL did not enquire of Conference America as to the number of DHL's accounts with Conference America.

15.    Admit that, prior to March 1, 2006, DHL did not investigate the number of DHL's accounts with Conference America that would be affected by the service request form executed by DHL on or about March 1, 2006.

16.    Admit that, prior to March 1, 2006, DHL did not seek to learn or ascertain, from any person or entity, the number of DHL's accounts with Conference America that would be affected by the service request form executed by DHL on or about March 1, 2006.

17.    Admit that Conference America's website terms, conditions, and prices applied to DHL's usage of Conference America's services following termination of the price protection agreement on May 31, 2005.

18.    Admit that, following termination of the price protection agreement on May 31, 2005, and prior to the March 1, 2006 deactivation of DHL's accounts

with Conference America, DHL received and paid for Conference America

services at Conference America's standard prices referenced on its website.

This 1st day of April 2008.

TROUTMAN SANDERS LLP


/s/ Robert P. Williams, II
Robert P. Williams, II
Ga. Bar No. 765413
Thomas E. Borton IV (BOR011)

5200 Bank of America Plaza        Attorneys for Plaintiff Conference
600 Peachtree Street, N.E.        America, Inc.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6664 (fax)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CONFERENCE AMERICA, INC.,           )
                                    )
            Plaintiff,              )        CIVIL ACTION FILE
                                    )        NO.: 2:08-cv-110-SRW
v.                                  )
                                    )
DHL EXPRESS (USA), INC.,            )
                                    )
            Defendant.              )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within and foregoing

***CONFERENCE AMERICA, INC.'S FIRST REQUESTS FOR ADMISSION TO***

***DHL EXPRESS (USA), INC.*** were electronically filed with the Clerk of Court

using the CM/ECF system and were served via electronic mail (through CM/ECF)

and United States Mail upon counsel for DHL Express (USA), Inc.:

John F. Whitaker
Douglas H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 1st day of April 2008.

/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)