IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE AMERICA'S ANSWER TO DHL'S COUNTERCLAIM

COMES NOW Plaintiff Conference America, Inc. ("Conference America") and answers DHL Express (USA), Inc.'s ("DHL's") counterclaim that was filed on March 12, 2008.

## FIRST DEFENSE

Conference America answers the individual paragraphs of the counterclaim as follows:

1. Conference America admits that it entered into a September 26, 2003 "Price Protection Agreement" with DHL and that the terms of that agreement speak for themselves. Conference America denies any remaining allegations in this Paragraph to the extent that they are inconsistent with the terms of that agreement.

2.      Conference America admits that the terms of its September 26, 2003 "Price Protection Agreement" with DHL speak for themselves.  Conference America denies any remaining allegations in this Paragraph to the extent that they are inconsistent with the terms of that agreement.

3.      Conference America admits that it provided services to DHL under the terms of the September 26, 2003 "Price Protection Agreement" and that DHL employees who used Conference America's services each received an individual leader account designated by the user's name.  Conference America denies any remaining allegations in this Paragraph.

4.      Conference America admits that the terms of its September 26, 2003 "Price Protection Agreement" with DHL speak for themselves.  Conference America denies any remaining allegations in this Paragraph to the extent that they are inconsistent with the terms of that agreement.

5.      Conference America admits that Rob Pirnie received a May 26, 2005 email from Marc Washburn at DHL, and that the email speaks for itself.  Conference America denies any remaining allegations in this Paragraph.

6.      Conference America admits that it accepted the termination as of May 31, 2005, and denies the remaining allegations of this Paragraph.

7.      Conference America denies the allegations in this Paragraph.

8.      Conference America denies the allegations in this Paragraph.

- 2 -

9.    Conference America admits that DHL employees continued to use Conference America's services following termination of the September 26, 2003 "Price Protection Agreement," but denies the allegation that the number of such employees was "small."  Conference America further denies any remaining allegations in this Paragraph.

10.    Conference America admits that Bob Sterling, on behalf of DHL, requested on February 28, 2006, that all DHL accounts with Conference America be deactivated.  Conference America denies the remaining allegations in this Paragraph, including the allegation that DHL had a "small number" of accounts with Conference America.

11.    Conference America admits that Rob Pirnie sent an email to Bob Sterling, and that the email speaks for itself.  Conference America denies any remaining allegations in this Paragraph to the extent that they are inconsistent with the language of that email.

12.    Conference America denies the allegations in this Paragraph.

13.    Conference America denies the allegations in this Paragraph.

14.    Conference America denies the allegations in this Paragraph.

15.    Conference America denies that DHL was not placed on notice of the terms and conditions upon which Conference America offered its services to DHL. Conference America is without knowledge or information sufficient to form a

belief as to the truth of DHL's remaining allegations in this Paragraph, and the same are therefore denied.

16.     Conference America admits that Bob Sterling signed and faxed the Service Request Form to Conference America on March 1, 2006.  Conference America denies the remaining allegations in this Paragraph.

17.     Conference America admits the allegations in this Paragraph.

18.     Conference America denies the allegations in this Paragraph.

## Count I

## Fraud/Deceit

19.     Conference America reasserts its responses to the allegations set forth in the preceding paragraphs of its answer to DHL's counterclaim as if fully set forth below and herein.

20.     Conference America denies the allegations in this Paragraph.

21.     Conference America denies the allegations in this Paragraph.

22.     Conference America denies the allegations in this Paragraph.

23.     Conference America denies the allegations in this Paragraph.

24.     Conference America denies the allegations in this Paragraph.

25.     Conference America denies the allegations in this Paragraph.

26.     Conference America denies the allegations in this Paragraph.

Conference America further denies the allegations contained in the Paragraph

(including all of its subparts) beginning with "WHEREFORE" and following Paragraph 26 of DHL's counterclaim, and denies that DHL is entitled to any relief or damages from Conference America.

**Count II**

**Suppression/Concealment**

27.    Conference America reasserts its responses to the allegations set forth in the preceding paragraphs of its answer to DHL's counterclaim as if fully set forth below and herein.

28.    Conference America denies the allegations in this Paragraph.

29.    Conference America denies the allegations in this Paragraph.

30.    Conference America denies the allegations in this Paragraph.

31.    Conference America denies the allegations in this Paragraph.

32.    Conference America denies the allegations in this Paragraph.

33.    Conference America denies the allegations in this Paragraph.

34.    Conference America denies the allegations in this Paragraph.

Conference America further denies the allegations contained in the Paragraph (including all of its subparts) beginning with "WHEREFORE" and following Paragraph 34 of DHL's counterclaim, and denies that DHL is entitled to any relief or damages from Conference America.

## SECOND DEFENSE

Through its actions, DHL has waived the right to assert its claims against Conference America.

## THIRD DEFENSE

DHL's claims against Conference America are barred by estoppel.

## FOURTH DEFENSE

DHL's claims against Conference America are barred because DHL entered into and then ratified the contracts between the parties with knowledge of any alleged fraud, deceit, suppression, and concealment and/or the facts giving rise to any alleged fraud, deceit, suppression, and concealment, such fraud, deceit, suppression, and concealment being expressly denied.

## FIFTH DEFENSE

DHL's claims against Conference America are barred because Conference America did not knowingly make false representations/omissions of material fact to DHL with scienter or intent to induce DHL to act or refrain from acting in reliance on the alleged representations/omissions.

## SIXTH DEFENSE

DHL's claims against Conference America are barred because DHL never justifiably relied on any of Conference America's allegedly false representations or omissions, the falsity of such representations or omissions being expressly denied.

## SEVENTH DEFENSE

DHL's claims against Conference America are barred because any representation or omission by Conference America, false or otherwise, with any falsity being expressly denied, has never actually or proximately caused any damage to DHL.

## EIGHTH DEFENSE

Under the facts in this action, punitive damages are inappropriate and Conference America moves to dismiss such claims. Any imposition of punitive damages against Conference America would violate its constitutional rights, including, but not limited to, its rights under the Fifth and Fourteenth Amendments of the United States Constitution, the ex post facto clause of Art. 1, § 10 of the United States Constitution, and the parallel provisions of the Constitution of the State of Alabama or any other applicable state constitution. Conference America reserves the right to assert any additional constitutional defenses to the imposition of punitive damages against it as may be disclosed during the course of additional investigation and discovery.

## NINTH DEFENSE

DHL's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines,

and by the Constitution of the State of Alabama. Furthermore, to the extent that

DHL seeks punitive damages for the conduct that allegedly caused injuries asserted

in DHL's counterclaim, punitive damages are barred or reduced by applicable law

or statute or, in the alternative, are unconstitutional insofar as they violate the due

process protections afforded by the United States Constitution, the excessive fines

clause of the Eighth Amendment of the United States Constitution, the Commerce

Clause of the United States Constitution, and the Full Faith and Credit Clause of

the United States Constitution and the Constitution of Alabama. Any law, statute,

or other authority purporting to permit the recovery of punitive damages in this

case is unconstitutional, facially and as applied, to the extent that, without

limitation, it (1) lacks constitutionally sufficient standards to guide and restrain the

jury's discretion in determining whether to award punitive damages and/or the

amount, if any; (2) is void for vagueness in that it failed to provide adequate

advance notice as to what conduct will result in punitive damages; (3) permits

recovery of punitive damages based on out-of-state conduct, conduct that complied

with applicable law, or conduct that was not directed, or did not proximately cause

harm to DHL; (4) permits recovery of punitive damages in an amount that is not

both reasonable and proportionate to the amount of harm, if any, to DHL and to the

amount of compensatory damages, if any; (5) permits jury consideration of net

worth or other financial information relating to Conference America; (6) lacks

constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## **TENTH DEFENSE**

DHL's claims against Conference America are barred because DHL has failed to plead them with the required particularity.

## **ELEVENTH DEFENSE**

DHL's claims against Conference America are barred because DHL has failed to state a claim on which relief can be granted.

WHEREFORE, Conference America, having fully responded to DHL's counterclaim, demands (1) trial by a jury; (2) that judgment be entered in its favor; (3) that any and all claims for damages by DHL be denied; (4) that all costs and fees be taxed to DHL; and (5) that this Court enter and award such other and further relief to Conference America as it deems just and proper.  To the extent that

Conference America has not expressly responded to any allegations in DHL's

counterclaim or any other pleading, those allegations are hereby denied.


This 1st day of April 2008.

TROUTMAN SANDERS LLP


/s/ Robert P. Williams, II
Robert P. Williams, II
Ga. Bar No. 765413

/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)

5200 Bank of America Plaza          Attorneys for Plaintiff Conference
600 Peachtree Street, N.E.          America, Inc.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6664 (fax)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within and foregoing ***ANSWER TO DHL'S COUNTERCLAIM*** was electronically filed with the Clerk of Court using the CM/ECF system and was served via electronic mail (through CM/ECF) upon counsel for DHL Express (USA), Inc.:

John F. Whitaker
Douglas H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 1st day of April 2008.

/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)