IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CONFERENCE AMERICA, INC.,　)
　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　CASE NO: 2:08-CV-110-SRW
　　　　　　　　　　　　　　　)
DHL EXPRESS (USA), INC.,　　)
　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　)

**DHL'S MOTION FOR PROTECTIVE ORDER**

Comes now the Defendant DHL Express ("DHL") and, pursuant to Rule 26, Fed. R. Civ. P., moves this Court for a Protective Order shifting the cost of electronic discovery to Conference America, limiting the scope of discovery requested by Conference America, and restricting the depositions of Bob Sterling and Marc Washburn.

1.　This matter arises out of a dispute regarding the payment of deactivation fees billed by the plaintiff Conference America totaling $163,175.10.  DHL is an international delivery company which ships to over 220 countries and territories and has more than 4,000 offices located all over the World.

2.　In response to Conference America's request for production of documents, DHL instructed various employees to search their files and hard drives for documents relative to the information request.  In response, DHL produced

approximately one-thousand of pages of documents which it was able to locate that were responsive to Conference America's requests for production. DHL has produced all non-privileged documents which it has located to date responsive to Conference America's request for production.

3.      Despite the fact that DHL has produced all responsive documents which it has located, Conference America has continued to request additional documents, including electronically stored information, and has accused DHL of destroying documents. (See attached correspondence from counsel for Conference America, attached as Exhibit "C").

4.      In an effort to fully respond to Conference America's requests in a good faith manner, DHL began an electronic search and invited Conference America to offer search terms, which Conference America supplied. DHL retained an eDiscovery vendor, Guidance Software, to perform a full blown eDiscovery collection. Guidance Software performs collections in a forensically sound manner, preserving chain of custody and metadata associated with the data. The collections made in this matter have yielded 4.7 GB worth of potentially relevant data, which includes 3,388 files. The cost of this search was $25,884.30. This information is currently being stored on two hard drives, but has yet to be processed in a manner that will preserve the chain of custody and metadata associated with the files. Moreover, the documents have yet to be

reviewed for responsiveness, privilege, or confidentiality. DHL is currently obtaining quotes from various vendors who will process and review the data with aid of counsel. According to the estimates obtained to date, it may cost as much as $52,000 to process the data in a way that will make it accessible and produceable. (Affidavit of Julia Peixoto, attached as Exhibit "A").

5.  This Court has broad discretion under Rule 26, Fed. R. Civ. P., in ordering cost-shifting. Rule 26(c), Fed. R. Civ. P.; <u>Oppenheimer Fund Inc. v. Sanders</u>, 437 U.S. 340, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Rule 26(b)(2)(B) provides: "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Once this showing is made, a Court may order discovery under the limitations of Rule 26(b)(2)C). The Advisory Committee Note to Rules 26(b)(2)(B) states that the "conditions" a court may establish could include payment by the requesting party of all or part of the reasonable costs of obtaining the electronic discovery. See also, <u>Zubulake v. UBS Warburg LLC</u>, 217 F.R.D. 309 (S.D. N.Y. 2003).

6.  Given the broad scope of Conference America's discovery requests, the costs associated with production of the discovery, and those costs relative to the amount in controversy, the expenses in conducting the additional discovery requested by Conference America are unduly expensive and burdensome.

Moreover, there is no guarantee that the ESI production will contain any relevant documents sought by Conference America, or documents not already produced.[1] While Conference America has continued to complain that DHL has failed to respond to a number of its requests, DHL has provided all the relevant documents it has located relative to Conference America's requests. DHL's employees searching their own hard drives and files have uncovered no additional documents responsive to Conference America's requests. DHL has real and legitimate defenses to the alleged debt. DHL, however, believes that Conference America is using the discovery process with the intent to cause DHL to incur expense, rather than search for discoverable information, as a deliberate tactic intended to "expense" DHL out of its defense of this matter. Given the expense weighed against the relative benefits of the search and the amount in controversy, DHL respectfully requests that this Court enter an order shifting the costs of the ESI discovery to Conference America.

7.     Until these matters can be resolved, DHL requests that this Court enter a protective order, prohibiting Conference America from deposing DHL's

---

[1] While the ESI search has generated 4.7 GB of data, many of the search terms suggested by Conference America, and included in DHL's search, were very broad in nature and have the potential to return a large number of irrelevant and unrelated files. For example, the search terms included "conferencing", "conference service", and "user account". As stated, this data is not able to be reviewed at this time to confirm whether any previously unproduced data has been captured.

corporate representatives. While, DHL has previously agreed to put up its employees Bob Sterling and Marc Washburn for deposition, Conference America has insisted on redeposing each should they feel that any further documents produced following the eDiscovery search merit additional depositions. Both Washburn and Sterling reside in Arizona, and the expense to the parties of a single depositions is great. As such, DHL requests a protective order prohibiting the depositions of Washburn and Sterling until such time as this Court is able to give guidance on the outstanding discovery issues.

8.    Counsel for DHL and Conference America have consulted with one another numerous times regarding the discovery issues. While Counsel for DHL has attempted to explain that it has produced all documents it has discovered and has voluntarily began an ESI search, counsel for Conference America continues to insist that DHL must produce the results of the ESI search by August 15th or Conference America implies that it will seek an order from this court. DHL has no way of preparing the documents for production by August 15, and given the cost it has discovered are associated with the preparation of such documents, DHL asserts that the expense related with meeting such demands is unjustified. (See Correspondence Attached as Exhibit "B").

WHEREFORE PREMISES CONSIDERED, DHL moves this Court for a

protective order shifting the cost of electronic discovery to Conference America,

limiting the scope of discovery requested by Conference America, and restricting the

depositions of Bob Sterling and Marc Washburn.


/s/ John F. Whitaker
John F. Whitaker (WHI006)
Douglas H. Bryant (BRY031)
*Attorneys for Defendant*
*DHL Express (USA), Inc.*


OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203-5203
Tel:   (205) 639-5300
Fax:  (205) 639-5350
jwhitaker@wmslawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by electronic filing and placing the same in the United States mail, properly addressed and first-class postage prepaid on this the 15th day of August, 2008.

Robert Williams
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
(404) 962-6664 (fax)



/s/ John F. Whitaker
OF COUNSEL

# EXHIBIT
# A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CONFERENCE AMERICA, INC.,    )
                             )
       Plaintiff,          )
v.                        )   CASE NO: 2:08-CV-110-SRW
                             )
DHL EXPRESS (USA), INC.,    )
                             )
       Defendant.       )

## AFFIDAVIT OF JULIA PEIXOTO

STATE OF ARIZONA       )

       COUNTY        )

1.    My name is Julia de Lima Peixoto. I am a lawyer, licensed to practice in California. I am employed with defendant DHL as Legal Counsel. In my capacity, I counsel DHL on Information Technology Legal matters and the scope of my position includes supporting electronic discovery. I make this affidavit in support of defendant DHL's motion for protective order and the facts contained herein are true and made upon personal knowledge.

2.    Electronically stored information ("ESI") searches are very complicated and costly.

3.   We have already spent a substantial sum of money to secure ESI at the

     request of and in response to parameters set mostly by Conference America.

4.   Under my direction complete ESI collection has taken place, using

     Guidance Software, as our vendor.  Guidance Software is one of the most

     reliable companies on the market for such work.

5.   They perform collections in a forensically sound manner, preserving chain

     of custody and metadata associated with the data.

6.   The collections yielded 4.7 GB worth of data, approximately 3,388 files; at

     a cost of collections for DHL of $25,884.30.

7.   It would not be beneficial to either party to produce the data at this point as

     the data has not been culled, deduplicated, and reviewed for responsiveness,

     privilege, confidentiality, etc.

8.   We need to continue to preserve the chain of custody and metada associated

     with the files to ensure its evidentiary value.

9.   Currently I have received two hard drives from Guidance Software with all

     the collected data.

10.  I have worked these past several days on requesting quotes from vendors

     who can process, host, review and prepare data for production.

11.  The next phase of processing, hosting, review and production has been

     estimated to cost as much as $52,000.00.

12.  I anticipate it will take another two (2) weeks to get these files to the point

     where they are ready for production, once we have selected a vendor.

13.  We are being thorough with our inquiry to ensure a reliable production but

     it requires some time for due diligence.

_____
Julia Peixoto

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2008.

_____
Notary Public

My Commission Expires:

_____
(SEAL)

# EXHIBIT
# B

## WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
### ATTORNEYS AND COUNSELORS AT LAW

400 PARK PLACE TOWER
2001 PARK PLACE NORTH
BIRMINGHAM, AL 35203

Tax Id #26-1495518

TELEPHONE: (205) 639-5300
FACSIMILE: (205) 639-5350

*Dbryant@wmslawfirm.com*

August 8, 2008

Robert P. Williams, Esq.
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

     *Re:*   *Conference America v. DHL*
          CV:   2:08-cv-110-SRW
          *Our File No: 5789.6*

Dear Bob:

    This letter will confirm our decision to cancel the depositions of Marc Washburn and Bob Sterling, set for August 12 and 13. As you know, we have unresolved discovery issues concerning the production of documents. After initially producing all non-privileged documents that DHL was able to locate relative to this matter, you expressed concern regarding whether DHL possessed additional documents. After discussing these matters with our client, we decided to move forward with a electronic search. Following this decision, we learned that DHL's internal IT department was experiencing a backlog, and was unable to perform the search in a timely manner. Therefore, DHL retained an outside group to perform the search, so that the documents could be located as quickly as possible. As we discussed, this search has just been completed and has returned thousands of potentially relevant files. These documents are currently being put on a drive, and are being organized for review by us. Unfortunately, these documents will not be ready for review before the depositions of Marc Washburn and Bob Sterling, which are currently scheduled for the 12th and 13th of August.

    We feel that it is in the best interest of both parties to have an opportunity to review these documents prior to the depositions of Sterling and Washburn. You indicated that you would prefer

to go ahead with these depositions on the scheduled dates, provided that you would reserve your right to re-examine the witnesses following the production of any additional documents. Instead, we propose that the depositions be moved to August 25th and 26th (the dates currently scheduled for your clients' depositions). This would allow the documents to be reviewed, and would eliminate any possibility that you would need to redepose the witnesses after receipt of additional documents discovered by the electronic search.

While we are extremely sorry for the delay, we feel that the delay is minor and reasonable. Please confirm that we will move forward with the depositions of Washburn and Sterling on the 25th and 26th at your offices in Atlanta, and we will reschedule the depositions of the Pirnies for a mutually agreeable time shortly thereafter.

Sincerely,

Douglas H. Bryant

# EXHIBIT
# C

**Doug Bryant**

| | |
|---|---|
| **From:** | Williams II, Robert P. [robert.williams@troutmansanders.com] |
| **Sent:** | Wednesday, August 13, 2008 3:55 PM |
| **To:** | Doug Bryant |
| **Cc:** | John Whitaker |
| **Subject:** | RE: Conference America v. DHL |

Doug:

As you are well aware, your clients' refusal to appear for deposition on August 12 and 13 as previously agreed (an agreement specifically confirmed by you to Brad Davis and me by telephone as recently as last Thursday) was and is not acceptable to Conference America. Your only stated reason for unilaterally canceling the deposition was to enable you to process documents that should have been provided by your client many months ago, to the extent such documents are responsive at all. When we asked, you could not confirm the documents in question were even responsive to Conference America's discovery requests. There is, of course, no principle of law that makes depositions dependent on deponents' or their counsel's review of even responsive documents, much less when the deponents are themselves apparently responsible for the delay in providing such documents.

DHL's repeated delays, failures to respond, evasive responses, and similar tactics are causing Conference America substantial inconvenience and expense. You are aware that Conference America is seeking its attorneys' fees and other litigation expenses in this action. Those expenses are already substantial, and the tactics DHL has chosen to employ are causing those expenses to increase rapidly. As we have told you on several occasions, your client's defenses and counterclaims appear to lack any substantial justification, and DHL's persistent efforts to avoid and delay discovery only emphasize this impression. You have previously indicated that you are aware of the level of expenses incurred by Conference America and recovered from Conexant in the Conexant litigation. You should also be aware that, based on the tactics DHL has adopted in this litigation to date, I anticipate that the expenses Conference America will seek from DHL will be substantially greater. I do not believe it is necessary or in either of our clients' interest to prolong or expand this litigation in the manner that DHL's tactics make inevitable.

With respect to August 25th and 26th, we will reschedule Mssrs. Sterling and Washburn for those dates, and will expect all responsive documents that have not yet been produced, as well as all responses to all of Conference America's other outstanding discovery requests, to be provided well in advance and certainly no later than August 15, 2008.

Among the outstanding requests to which DHL has not responded are the following:

1) Supplemental responses to DHL's responses to Conference America's first RFP. Specifically, supplemental responses to Responses 3-6 and 9 as requested in the June 27, 2008 letter from Ben Gastel to John Whitaker (the "Discovery Letter").

2) Supplemental responses to DHL's responses to Conference America's first Interrogatories,. Specifically supplemental responses to Responses 12 and 13 as requested in the Discovery Letter.

3) Supplemental responses to DHL's responses to Conference America's first RFA. Specifically supplemental responses to Responses 7, 9 and 10 as requested in the Discovery Letter.

4) Clean versions of all corrupted emails sent as part of DHL's first document production. (By way of reference, see the corrupted emails Bates Stamped as DHL0003-DHL0008.)

5) The responsive documents uncovered in the Guidance Software search.

If we do not receive those responses by August 15, we will assume DHL refuses to respond and we will proceed accordingly. Furthermore, we want to remind you that DHL has continuing obligations under the Federal Rules of Civil Procedure to supplement all discovery responses when and if it becomes necessary to do so. Should you have already identified any other discovery response that is in need of supplementation, we expect DHL to make such supplemental response by this deadline.

In addition, as we discussed by telephone on July 28, 2008, DHL's responses to Conference America's Second Requests for Admission assert that DHL does not understand the phrase "relating to". That, as you are well aware, is not a permitted response under Fed R. Civ. Proc. 36, nor do we believe DHL has any good faith basis for purporting not to understand what "relating to" means. We therefore take your failure to respond in a permitted manner as an admission. As you are presumably aware, in the context of destroying evidence relating to a dispute, "relate to" means any document or any evidence "[that a party] knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request." Telectron, Inc. v. Overhead Door Corp., 116 F.R.D. 107, 126 (S.D. Fla. 1987). If you wish to clarify your responses in light of this established definition, that may help avoid unnecessary argument later.

Finally, there appears to be a typo in DHL's Response No. 2 to Conference America's Second Interrogatory Request. In the first sentence DHL does not identify the appropriate numbers of the response DHL is referencing. Please clarify your response accordingly.

Thank you.

Best regards,

Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

-----Original Message-----
**From:** Doug Bryant [mailto:dbryant@wmslawfirm.com]
**Sent:** Monday, August 11, 2008 3:53 PM
**To:** Williams II, Robert P.
**Cc:** John Whitaker
**Subject:** Conference America v. DHL

Bob,  just to confirm, Bob Sterling and Marc Washburn will not be in Atlanta tomorrow or Wednesday; but can be made available for deposition in Atlanta on August 25th and 26th.

Douglas H. Bryant
**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC.**
Suite 400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203

Phone: (205) 639-5300
Facsimile: (205) 639-5350
Email: Dbryant@wmslawfirm.com

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.