IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE AMERICA'S RESPONSE TO DHL'S MOTION FOR PROTECTIVE ORDER

Plaintiff Conference America, Inc. ("Conference America") files this
Response to Defendant DHL Express (USA), Inc.'s ("DHL's") Motion for
Protective Order.

## I.    Statement of the Facts

Conference America is a small privately-held teleconferencing company
located in Montgomery, Alabama.  (Complaint ¶¶ 2-3.)  DHL is the U.S. element
of a multi-billion-dollar international shipping conglomerate based in Germany
that used Conference America's teleconferencing services.  (*Id*. at ¶¶ 4-5, 8-9, 12.)
This case began as a simple breach of contract action by Conference America to
collect invoices DHL refused to pay.  (*Id*. at ¶¶ 20-25.)  DHL's counterclaims,

however, broadened the scope of the case considerably by alleging fraud and concealment by Conference America. (Counterclaim ¶¶ 19-34.)

Two months after DHL filed its counterclaims, Conference America moved for summary judgment regarding them, noting that the documents already of record clearly showed that none of the required elements of fraud were present. (*See generally* Brief of Plaintiff Conference America, Inc. in Support of Motion for Summary Judgment.) DHL, however, filed a Rule 56(f) motion in lieu of a response, and this Court granted DHL's Rule 56(f) motion and denied Conference America's motion for summary judgment without prejudice, so that the parties would have additional time for discovery prior to summary judgment. (Order, filed June 2, 2008.) Conference America has submitted document requests and interrogatories, and has attempted to schedule the depositions of Bob Sterling and Marc Washburn, two DHL employees who were directly involved in administering DHL's contractual arrangements with Conference America.[1] (*See* Notice of Depositions for Mr. Sterling and Mr. Washburn, true and correct copies of which are attached hereto as Exhibit A and B, respectively.) This discovery has largely been focused on DHL's defenses and counterclaims.

Of the documents produced by DHL to date, virtually all were documents that either originated with Conference America, such as hundreds of pages of

---

[1] As an example of Messrs. Sterling and Washburn's personal involvement in this dispute see the emails attached hereto as Exhibit C.

invoices, or were correspondence from DHL to Conference America that were already disclosed by Conference America itself in its initial disclosures.  Notably absent were the internal DHL memoranda, emails and other documents one would typically see specifically addressing the dispute with Conference America and the discussions and transactions leading to the dispute.  (*See* Letter from Ben Gastel, counsel to Conference America, to John Whitaker, counsel to DHL, dated June 27, 2008, a true and correct copy of which is attached hereto as Exhibit D.)  For example, although both Mr. Sterling and Mr. Washburn were personally involved in the events leading to the dispute and in the dispute itself, DHL appears to have produced no internal emails that were stored on their computers. (*Id.*)

Conference America called this apparent omission to the attention of DHL on numerous occasions.  (*See e.g.*, Ex. D, Emails between counsel for Conference America and counsel for DHL, attached hereto as Exhibit E.)  DHL could not provide any explanation for the absence of documents, but did represent that DHL was performing a search of its electronic records. (*See* Email from John Whitaker, to Robert P. Williams II, counsel to Conference America, dated June 17, 2008, a true and correct copy of which is attached hereto as Exhibit F.)

On May 29, 2008, 17 days after DHL's responsive documents were due,[2] counsel for Conference America requested deposition dates for Mr. Sterling and

---

[2] As a good faith effort to cooperate in discovery, Conference America granted DHL an extension until May 12, 2008 to respond to Conference America's first request for production and first interrogatories.  (*See* Email from Robert P. Williams II to Doug Bryant, a true and correct copy of which is attached hereto as Exhibit Q.)

Mr. Washburn. (Email from Robert P. Williams to Doug Bryant, counsel to DHL, a true and correct copy of which is attached hereto as Exhibit G.) According to counsel for DHL, the earliest available dates were approximately two-and-a-half months later in early August. (Email from Doug Bryant to Robert P. Williams II, dated June 4, 2008, a true and correct copy of which is attached hereto as Exhibit H.) Accordingly, the parties agreed to August 12 and 13. (*See* Ex. A and B.)

Meanwhile, Conference America continued to inquire regarding the status of DHL's electronic documents. (*See e.g.* Ex. D and E.) Counsel for DHL, Doug Bryant, assured Conference America orally that a search was under way.

On June 24, 2008, having still received no results from any electronic search, Conference America served Requests for Admission asking DHL to admit that it had in fact destroyed documents relating to the case. (Response of DHL to Conference America's Second Request for Admission, dated July 24, 2008, a true and correct copy of which is attached hereto as Exhibit I.) On July 24, 2008, DHL responded, but evaded the question: it claimed not to understand what was meant by "relating to" the case. (*Id.* at Responses 4-5.) Because the missing documents appear most likely to have been in the control of Mr. Sterling and/or Mr. Washburn, the importance of deposing those witnesses became increasingly apparent.

On July 17, 2008, DHL asked Conference America for ideas for search

terms that might be useful in searching for responsive documents.  (*See* Email from

Doug Bryant to Robert P. Williams II and reply to same, a true and correct copy of

which is attached hereto as Exhibit J.)  It is Conference America's understanding

that, despite the earlier assurances, DHL had not actually performed an electronic

search by that point, *several months after Conference America requested DHL's*

*documents.*  (*See* Conference America's First Request for Production, a true and

correct copy of which is attached hereto as Exhibit K; *see also* Ex. J.) Conference

America supplied a list of possible search terms, meanwhile noting that DHL was

in the best position to select the appropriate terms.  (Ex. J.)

On Thursday, August 7, 2008, two business days before the Sterling and

Washburn depositions, counsel for DHL, Doug Bryant, called counsel for

Conference America, Robert Williams and Brad Davis, and stated that DHL's

electronic records search had produced a large number of "files," but he did not

know whether any documents in such files were responsive.  Mr. Bryant agreed to

proceed with the depositions as scheduled, with Conference America reserving the

right to recall the witnesses if any of the additional documents were indeed

responsive.

Late that same afternoon, Mr. Bryant called Mr. Williams again to say that

DHL's other counsel, John Whitaker, did not want to proceed with the depositions

until August 25 and 26. Mr. Williams declined to reschedule at that time, but agreed to consider the matter further and let Mr. Bryant know the next day if Conference America changed its mind.

The next morning, August 8, 2008, Mr. Williams notified Mr. Bryant by email to confirm that Conference America would not agree to reschedule. (*See* email from Robert P. Williams II to Doug Bryant, a true and correct copy of which is attached hereto as Exhibit L.) That evening, Mr. Bryant's secretary sent Mr. Williams a letter by email stating that DHL was canceling the depositions and would reschedule them for August 25 and 26. (*See* Letter from Doug Bryant to Robert P. Williams II, a true and correct copy of which is attached hereto as Exhibit M.) The only reason given for the cancellation was DHL's belated gathering of its electronic documents. (*Id.*) Once again, DHL did not represent that any such documents were actually responsive. (*Id.*)

DHL did not produce Mr. Sterling or Mr. Washburn for deposition on August 12 or 13. On August 13, Conference America notified DHL that its unilateral cancellation of the depositions was inappropriate and that the resulting delay, along with DHL's other delays in producing discovery responses, had caused Conference America substantial cost and inconvenience. (Motion for Protective Order, Ex. C.) Conference America confirmed that the depositions would be held August 25 and 26 as promised by DHL. (*Id.*) Conference America

further noted the numerous discovery requests to which DHL had failed or refused to respond, and demanded that all such responses be made no later than August 15, 2008.  These past-due responses included the following:

1) Supplemental responses to DHL's responses to Conference America's first Request for Production, and specifically, supplemental responses to Responses 3-6 and 9 as requested in the June 27, 2008 letter from Ben Gastel to John Whitaker (the "Discovery Letter").

2) Supplemental responses to DHL's responses to Conference America's first Interrogatories, and specifically supplemental responses to Responses 12 and 13 as requested in the Discovery Letter.

3) Supplemental responses to DHL's responses to Conference America's first Request for Admissions, and specifically supplemental responses to Responses 7, 9 and 10 as requested in the Discovery Letter.

4) Clean versions of all corrupted emails sent as part of DHL's first document production, which Conference America had notified DHL on May 15, 2008 had been electronically scrambled by DHL.[3]

5) Any responsive documents uncovered in DHL's electronic search.

(*Id.*)

At 5:14 p.m. on August 15, 2008, DHL emailed Conference America a handful of documents, many of which appear to be copies of documents already provided.  (Email from Doug Bryant to Robert P. Williams II, a true and correct copy of which is attached hereto as Exhibit N.)  The source of those documents is not apparent, but Conference America assumes they came from DHL's electronic

---

[3] (*See* Email from Robert P. Williams II to Doug Bryant, a true and correct copy of which is attached hereto as Exhibit R.)

records search. DHL made no attempt to provide any of the other missing responses, nor did DHL state when or even whether such responses would be forthcoming.

Later, at 5:19 p.m. that evening, DHL e-filed its Motion for Protective Order.

## II.    Argument and Citation of Authority

It is well settled that a court can only issue a protective order after a showing that good cause exists for the protection of material sought in discovery. Fed. R. Civ. P. 26(c)(1). The party requesting the protective order has the burden of demonstrating good cause. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995). To establish good cause, the movant must specifically demonstrate that disclosure of the material will cause a clearly defined injury. *Glenmede Trust*, 56 F.3d at 483. Merely showing that a discovery request may involve inconvenience and expense is not sufficient cause to justify a protective order. *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* 2008 U.S. Dist. LEXIS 9563, *4 (S.D. Fla. 2008) ("Rule 26(c) protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense", but not from mere inconvenience."); *Lehnert v. Ferris Facult Ass'n-MEA-NEA*, 556 F. Sup. 316, 318 (W.D. Mich. 1983) ("Where justice requires, a protective order may issue to protect a party from embarrassment, oppression, or undue burden and

expense. However, good cause is not established merely by showing that discovery may involve inconvenience and expense.").

In the Eleventh Circuit, a district court must balance the interest of the respective parties when determining whether a protective order is warranted. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion... the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule. . .").

In its Motion for Protective Order, DHL asks the Court to do three things: (1) shift the cost of electronic discovery to Conference America, (2) limit the scope of discovery requested by Conference America, and (3) restrict the depositions of Bob Sterling and Marc Washburn.  DHL has not met its burden of showing good cause for doing any of these things.  On the contrary, balancing DHL's interest in creating additional delay and avoiding costs against Conference America's interest in obtaining the requested discovery without further delay clearly mandates that, if anything, DHL be directed to comply with discovery, at its own expense, forthwith.

### 1.    DHL Should Bear Its Own Costs of Complying With Discovery

The electronic documents DHL references in its Motion were apparently deleted from employees' computers; otherwise they would presumably have

already been produced.  DHL's correspondence with Conference America indicates that its internal counsel knew such documents were the subject of a dispute at least as early as April 26, 2006. (Ex. I at Response 3; Email from Bob Sterling to Rob Pirnie, Vice President of Conference America dated April 26, 2006, a true and correct copy of which is attached hereto as Exhibit O.) Nevertheless, someone at DHL apparently deleted or otherwise tried to destroy them.  The irony of DHL asking Conference America to pay the costs of retrieving documents DHL apparently tried to destroy is truly overwhelming.

Conference America has itself already performed an electronic search of its own records and has produced those records to DHL.  (*See* Conference America's Response to DHL's First Request for Production, a true and correct copy of which is attached hereto as Exhibit Q.)  The cost to Conference America was, of course, proportionately much greater than will be the cost to DHL, given the enormous difference in size between the companies.  Conference America did not complain; it performed the search and timely produced the documents within the prescribed period.  (*Id.*)  DHL, on the other hand, apparently did not even begin its search until months after the documents were due, and now does not want to sift through them to determine responsiveness unless Conference America pays it to do so. There is no principle of law or equity that would support such a result.  Not only must DHL pay its own costs of retrieving its documents, but it should be

admonished for its failures to respond to discovery in a timely manner. Of course, to the extent it turns out DHL did in fact destroy the documents Conference America is seeking, that conduct will need to be addressed at the appropriate time as the case progresses.

Moreover, as Conference America's Complaint points out, the contract under which Conference America is seeking to collect from DHL expressly provides that DHL must pay Conference America's expenses of collection, including attorneys' fees and litigation expenses. (Complaint ¶ 25, Ex. B ¶ 5.a.) It would be inappropriate for the Court to shift such costs to Conference America at this juncture because any such ruling would go to the merits of Conference America's claim.

Prior decisions on cost-shifting likewise make clear that it would be inappropriate in this case. Under the Federal Rules of Civil Procedure, "the presumption is that the responding party (here DHL) must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). While the court has the discretion to shift all or part of the costs of production to the requesting parties in certain limited circumstances, cost-shifting of discovery expenses for identifying and searching electronic databases is appropriate only when the data is inaccessible. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) ("Shifting the cost of production from

the producing party to the requesting party should be considered only when inaccessible data is sought."). *See also Peskoff v. Faber*, 2008 U.S. Dist. LEXIS 51946 (D.D.C. 2008) (same); *OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 476 (N.D. Cal. 2003) (same). Here DHL has not asserted that the data is inaccessible, but rather DHL openly admits that the data rests within two readily accessible hard drives. (Motion for Protective Order, ¶ 4.)

Finally, the relative positions of the parties would make cost-shifting manifestly unjust. As DHL acknowledged in its Motion for Protective Order, DHL "is an international delivery company which ships to over 220 countries and territories and has more than 4,000 offices located all over the world. (*Id.* at ¶ 1.) DHL's revenue was € 63.5 billion in 2007.[4] Conference America on the other hand is a relatively small teleconferencing provider with a single office in Montgomery, Alabama. Its revenue is several orders of magnitude smaller than DHL's. As DHL admits, Conference America is simply trying to collect $163,175.10 plus interest and expenses. (*Id.*) Shifting the cost of producing DHL's own documents, which DHL ought to have retained in the first place, would not only be unfair, but it would effectively stifle Conference America's ability to prosecute its case and defend itself from DHL's counterclaims. DHL should not be permitted to deploy economic leverage in that fashion.

---

[4] *See* DHL 2007 Annual Report, p. 25, a copy of which can be accessed at:
<http://dpwn.online-reports.eu/2007/ar/servicepages/downloads/files/entire_dp_ar07.pdf>.

## 2.    DHL Should Honor Its Promises Regarding Scheduling of Depositions

DHL made Conference America wait more than two months for the initial deposition dates of August 12 and 13 for Mr. Sterling and Mr. Washburn.  (Ex. A, B, G.)  Then, at the same time it canceled those depositions allegedly due to its desire to review its own documents, DHL offered new deposition dates of August 25 and 26, which Conference America accepted.  (Motion for Protective Order, Ex. C.)  Now, without any notice at all, DHL has again canceled the depositions, this time indefinitely, until this Court rules on whether DHL can shift the cost of sorting through DHL's electronic record to identify responsive documents.

The cost-shifting issue has nothing whatsoever to do with DHL's obligation to comply with discovery or to honor its agreements regarding discovery dates.  DHL's complaint that its belated production of documents after the depositions might cause the witnesses to be recalled is inherent in *any* deposition when the deponent withholds evidence.  The proper solution is not to reward delay with more delay, but rather to hold the delaying party responsible for paying the costs and other consequences of its delay.  Fed. R. Civ. P. 37.

DHL should have produced both its documents and its witnesses a long time ago.  (Ex. A, B, K.)  It chose instead to delay.  (Ex. D, Motion for Protective Order, Ex. C.)  That failure to comply with ordinary discovery deadlines, which Conference America itself complied with, should not be turned into an excuse for

failing now to honor deposition dates. Conference America respectfully notes that if DHL had put the same effort into responding to discovery as it has put into delaying tactics, this case would be well on its way to resolution.

### 3.    Conference America's Discovery Should Not Be Restricted

DHL mentions that it would like the Court to restrict discovery, but DHL does not explain what restrictions it has in mind. DHL has never raised any such proposed restriction with Conference America. DHL's failure to specify the relief it is seeking or to make any argument in support is grounds for denying the Motion. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) ("The party [seeking a protective order] must make a *particular request and a specific demonstration of facts in support of the request* as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.) (emphasis added), *citing Gulf Oil v. Bernard*, 452 U.S. 89, n. 16 (1981).

DHL's request may simply reflect its concern that the requested discovery is likely to prove devastating to its defenses and counterclaims. By way of reference, Conference America filed a similar case against Conexant Systems, Inc. in 2004. As part of discovery, Conference America located an internal communication between Conexant employees that eventually proved critical to its case, as the district court noted in its opinion. *See Conference America, Inc. v. Conexant*

*Systems, Inc.*, 508 F. Supp. 2d 1005 (M.D. Ala. 2007) (finding that substance of internal email among Conexant personnel undercut Conexant's argument that certain portions of the parties' contract survived termination).[5]

## III.  Conclusion

For the foregoing reasons, Conference America respectfully requests that DHL's Motion for Protective Order be DENIED.

This 19th day of August 2008.

> TROUTMAN SANDERS LLP
>
> /s/ Robert P. Williams, II
> Robert P. Williams, II
> (Pro Hac Vice, Ga. Bar No. 765413)
>
> /s/ Bradley M. Davis
> Bradley M. Davis
> (Pro Hac Vice, Ga. Bar No. 141505)
>
> /s/ Benjamin A. Gastel
> Benjamin A. Gastel
> (Pro Hac Vice, Ga. Bar No. 432776)

5200 Bank of America Plaza          Attorneys for Plaintiff Conference
600 Peachtree Street, N.E.          America, Inc.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6664 (fax)

---

[5] Presumably, DHL is aware of this case since DHL cited this case in responding to interrogatories. (*See* DHL's Response to Conference America's Second Set of Interrogatories, Response 1, a true and correct copy of which is attached hereto as Exhibit S.)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within and foregoing *CONFERENCE AMERICA'S RESPONSE TO DHL'S MOTION FOR PROTECTIVE ORDER* was electronically filed with the Clerk of Court using the CM/ECF system and was served via electronic mail (through CM/ECF) upon counsel for DHL Express (USA), Inc.:

John F. Whitaker
jwhitaker@wmslawfirm.com
Douglas H. Bryant
dbryant@wmslawfirm.com
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 19th day of August 2008.

/s/ Robert P. Williams, II
Robert P. Williams, II
(Pro Hac Vice, Ga. Bar No. 765413)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF BOB STERLING

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 26 and 30, Plaintiff

Conference America, Inc. ("Conference America"), through its attorneys, will take the

deposition upon oral examination of Bob Sterling, Regional Category Manager of DHL Express

(USA) Inc., 870 Hartford Dr., Scottsdale, AZ 85255. The deposition will take place on August

12, 2008 at the offices of Troutman Sanders LLP, 600 Peachtree Street, N.E. Suite 5200, Atlanta,

Georgia 30308. The deposition will begin at 8:00 a.m., and continue thereafter until completed.

The deposition will be recorded by stenographic means before a notary public or other officer

duly authorized to administer oaths.

This 19th day of June, 2008.

TROUTMAN SANDERS LLP

Robert P. Williams, II
(Pro Hac Vice, Ga. Bar No. 765413)
Bradley M. Davis
(Pro Hac Vice, Ga. Bar No. 141505)
Benjamin A. Gastel
(Pro Hac Vice, Ga. Bar No. 432776)

Attorneys for Plaintiff Conference America, Inc.

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CONFERENCE AMERICA, INC.,          )
                                   )
            Plaintiff,             )        CIVIL ACTION FILE
                                   )        NO.: 2:08-cv-110-SRW
v.                                 )
                                   )
DHL EXPRESS (USA), INC.,           )
                                   )
            Defendant.             )

CERTIFICATE OF SERVICE

        I certify that I have this day served upon counsel for all parties a copy of the foregoing
**NOTICE OF DEPOSITION OF BOB STERLING** by U.S. Mail, postage pre-paid:

John F. Whitaker
Douglas H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

        This 19th day of June 2008.

                                            _____
                                            BENJAMIN A. GASTEL
                                            (Pro Hac Vice, Ga. Bar No. 432776)

Troutman Sanders LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000 (voice)
(404) 885-3995 (facsimile)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF MARC WASHBURN

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 26 and 30, Plaintiff

Conference America, Inc. ("Conference America"), through its attorneys, will take the

deposition upon oral examination of Marc Washburn, Corporate Procurement Officer of DHL

Express (USA) Inc., 870 Hartford Dr., Scottsdale, AZ 85255. The deposition will take place on

August 13, 2008 at the offices of Troutman Sanders LLP, 600 Peachtree Street, N.E. Suite 5200,

Atlanta, Georgia 30308. The deposition will begin at 8:00 a.m., and continue thereafter until

completed. The deposition will be recorded by stenographic means before a notary public or

other officer duly authorized to administer oaths.

This 19th day of June, 2008.

TROUTMAN SANDERS LLP

Robert P. Williams, II
(Pro Hac Vice, Ga. Bar No. 765413)
Bradley M. Davis
(Pro Hac Vice, Ga. Bar No. 141505)
Benjamin A. Gastel
(Pro Hac Vice, Ga. Bar No. 432776)

Attorneys for Plaintiff Conference America, Inc.

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I certify that I have this day served upon counsel for all parties a copy of the foregoing **NOTICE OF DEPOSITION OF MARC WASHBURN** by U.S. Mail, postage pre-paid:

John F. Whitaker
Douglas H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 19th day of June 2008.

_____
BENJAMIN A. GASTEL
(Pro Hac Vice, Ga. Bar No. 432776)

Troutman Sanders LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000 (voice)
(404) 885-3995 (facsimile)

# EXHIBIT C

| From: | Pirnie, Rob |
|---|---|
| ant: | Thursday, March 10, 2005 9:27 AM |
| o: | 'marc.washburn@dhl.com' |
| Subject: | Conference America Data |

Marc,

Here is the DHL usage data for 2004 with Conference America.  This includes the minute total and billing for each month. Just give me a call or e-mail if you have any questions.

I look forward to meeting you on April 5th for lunch.

Rob

Rob Pirnie

VP Sales
Conference America, Inc.
7079 University Court
Montgomery, AL 36117
http://www.yourcall.com
Phone: 800-925-8000 ext 2323
Fax: 800-953-9954
rob.pirnie@yourcall.com



DHL - Summary
Billing for 2004...

1

CA 03210

| Month | Minutes Used | Amount Billed |
|---|---|---|
| January | 344,525.89 | $ 61,326.07 |
| February | 412,258.44 | $ 60,229.22 |
| March | 437,770.27 | $ 70,278.14 |
| April | 516,512.90 | $ 74,137.61 |
| May | 498,229.38 | $ 74,848.21 |
| June | 536,455.28 | $ 82,367.50 |
| July | 443,131.18 | $ 71,835.19 |
| August | 511,408.17 | $ 90,861.56 |
| September | 615,568.03 | $ 103,148.98 |
| October | 665,533.79 | $ 105,452.02 |
| November | 736,242.21 | $ 116,890.75 |
| December | 607,979.87 | $ 89,137.36 |

Proprietary Information - Do not use or disclose outside of
your business relationship with Conference America.      Page 1 of 1

CA 03211

**Pirnie, Rob**

| | |
|---|---|
| **From:** | Marc Washburn (DHL US) [Marc.Washburn@dhl.com] |
| **Sent:** | Monday, March 14, 2005 3:32 PM |
| **To:** | Pirnie, Rob |
| **Subject:** | DHL Contract |

Rob,

      Do you have a soft copy of the DHL contract that you can send me?

**Marc Washburn**
Senior Buyer Telecommunication/Conferencing
Americas Region

DHL Information Systems (Americas), Inc.
8701 E. Hartford Dr.
Scottsdale, AZ 85255
USA
Ph #  480.375.7706
Fax # 480.375.6026

CA 03212

**Pirnie, Rob**

| | |
|---|---|
| **From:** | Bob Sterling (DHL US) [Bob.Sterling@dhl.com] |
| **Sent:** | Wednesday, March 01, 2006 11:56 AM |
| **To:** | Pirnie, Rob |
| **Cc:** | Eric Broucek (DHL); Thomas BERTALAN (DHL US) |
| **Subject:** | RE: Conference America |

Rob,

Thank you for this email. I am sorry that your company was not the recipient of the conferencing RFP.
I have returned the signed document to the toll free numbers on your email. I have a fax receipt that confirms
you're receiving the document. Please proceed with the deactivation process of the DHL accounts. Your positive
response elicits our possibly doing other business. in the future.

Thank you

Bob Sterling
Procurement Manager

---

**From:** Pirnie, Rob [mailto:rob.pirnie@yourcall.com]
**Sent:** Tuesday, February 28, 2006 1:48 PM
**To:** Bob Sterling (DHL US)
**Subject:** Conference America

Mr. Sterling,
To confirm your discussion with our Accounts Receivable Department this morning, we will comply with your
request to deactivate all DHL accounts with Conference America upon receipt of an executed copy of the
attached Service Request Form. All we need for you to do is execute it for DHL and fax it back to us toll-free at
800-388-6742. If you will send this back today we will take care of your request promptly.

I hope that I have helped and that we can keep communications open for future opportunities with DHL. You have
been a great customer for many years and we would like to reignite that relationship when the time is right.

Sincerely,
Rob Pirnie

Executive Vice President
Conference America, Inc.
7079 University Court
Montgomery, AL 36117
http://www.yourcall.com

1-800-925-8000
1-334-260-9999
Fax 1-800-388-6742

Attachment

<<DHL Service Request Form 2-28-06.DOC>>

# EXHIBIT D

# TROUTMAN SANDERS LLP

A T T O R N E Y S   A T   L A W
A LIMITED LIABILITY PARTNERSHIP

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, N.E. · SUITE 5200
ATLANTA, GEORGIA 30308-2216
www.troutmansanders.com
TELEPHONE: 404-885-3000
FACSIMILE: 404-885-3900

Benjamin Gastel
benjamin.gastel@troutmansanders.com

Direct Dial:  404-885-2751
Direct Fax:  404-962-6561

June 27, 2008

**VIA EMAIL AND U.S. MAIL**

John Whitaker
Whitaker, Mudd, Simms, Luke & Wells, LLC
400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

**RE:**   *Conference America, Inc. v. DHL Express (USA), Inc.,* **United States District Court, Middle District of Alabama**

Dear John:

This letter is in response to DHL Express (USA), Inc.'s ("DHL") responses to discovery requests in the above-styled case. Specifically, this letter details certain insufficiencies in DHL's responses to Conference America, Inc.'s ("Conference America") First Request for Production, Request for Admission, and Interrogatories. This letter is not intended to be a complete survey of all of the insufficiencies in DHL's discovery responses, and Conference America reserves the right to ask for additional information relating to DHL's initial discovery responses. This letter should be considered a good faith attempt to confer with DHL in discovery in order to avoid any additional action under Rule 37 of the Federal Rules of Civil Procedure.

After reviewing DHL's responses to discovery, Conference America has identified the following insufficiencies and requests supplemental responses as follows:

<u>Request for Production, Response 3</u>: In this request Conference America specifically seeks documents relating to internal DHL communications relating to DHL's dealings and transactions with Conference America. Your response referenced the documents DHL identified in Responses 1 and 2. Although some of these documents are responsive to this request (i.e. DHL 0810-0811, 0844, and 0865-0868), Conference America notes the absence of emails, internal memoranda, or other documents between and among DHL employees regarding DHL's long standing relationship with Conference America, and the subsequent termination of that

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

John Whitaker
June 27, 2008
Page 2

relationship by DHL. Please supplement your document production accordingly or explain why such internal emails or documents are no longer available.

Request for Production, Response 4: In this request Conference America seeks all information regarding DHL's use of and subsequent decision to not use Conference America's services. Although DHL did produce responsive documents pursuant to this request, Conference America believes that other, relevant documents in DHL's possession have not been produced. Specifically, Conference America believes responsive documents would include DHL's contract with its new teleconferencing service vendor, any request for proposal or similar document whereby DHL sought the services of another teleconferencing vendor, and any internal correspondence, emails, memoranda, documents, etc. between DHL's employees relating to how that vendor was selected. Additionally, Conference America notes that DHL's response states that it is "continuing to search its records and will supplement its production if necessary." Conference America notes that approximately 45 days have passed since DHL provided these responses. We believe this is more than enough time for DHL to finish this investigation. Please provide additional responsive documents, or, if none exist, a statement to that effect.

Request for Production, Response 5: In its response to this request, DHL states that it is, "searching for additional records and will supplement this response if necessary." Conference America notes that approximately 45 days have passed since DHL provided these responses. We believe this is more than enough time for DHL to finish this investigation. Please provide responsive documents, or, if none exist, a statement to that effect.

Request for Production, Response 6: DHL objects to this request because it requires DHL to create a document not presently in existence. This is not a valid objection. Conference America has asked for a listing of the individuals who received and a list of individuals who sent communications relating to DHL's decisions to cease using Conference America's services (this information was also requested in Interrogatory 10 of Conference America's First Set of Interrogatories). Under Rule 26 of the Federal Rules, this information is clearly relevant and discoverable. Please supplement your response accordingly.

Request for Production, Response 9: In DHL's response it states that it was receiving conferencing services from 5 or 6 separate vendors at the time it terminated its relationship with Conference America. Please identify these vendors.

Response to Interrogatory 12: DHL's response to this interrogatory is inadequate. This interrogatory seeks information concerning whether certain DHL employees reviewed the terms and conditions on Conference America's website; it is limited to a select number of employees identified in previous responses. Conference America does not understand why DHL cannot provide a responsive answer. Please supplement your response accordingly.

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

John Whitaker
June 27, 2008
Page 3

     Response to Interrogatory 13: DHL's response to this interrogatory is incomplete. The interrogatory requests information on the procedures, systems, practices and documents regarding how DHL reviewed and monitored the use of Conference America's services by DHL employees. DHL's response does not identify any procedure, system or practice but merely provides the person responsible for monitoring. Please identify these procedures, systems, practices, or documents; if no such procedures, systems, practices, or documents exist, please provide a statement to that effect.

     Request for Admission, Response 7: DHL's response violates Rule 36(a) of the Federal Rules of Civil Procedure. Specifically, DHL is required to make a reasonable inquiry into the subject matter of the request for admission, and make a statement to that effect, if it wishes to claim it has insufficient information to admit or deny a request. Please supplement your response accordingly.

     Request for Admission, Response 9: DHL's response violates Rule 36(a) of the Federal Rules of Civil Procedure. Specifically, DHL is required to make a reasonable inquiry into the subject matter of the request for admission, and make a statement to that effect, if it wishes to claim it has insufficient information to admit or deny a request. Please supplement your response accordingly.

     Request for Admission, Response 10: DHL admitted that DHL maintained records of use of some or all of Conference America's services by individual users. Please provide these documents pursuant to Conference America's First Request for Production, Request 1. If DHL has already provided these records, please identify the relevant documents by the appropriate Bate Stamp number.

     Conference America requests DHL respond to the above requests within 14 days. If there are any questions or DHL requests further information feel free to contact Bob Williams or me.

                       Sincerely,

                       Benjamin A. Gastel

cc:    Robert P. Williams II
       Doug Bryant

# EXHIBIT E

**Williams II, Robert P.**

| | |
|---|---|
| **From:** | Williams II, Robert P. |
| **Sent:** | Monday, May 19, 2008 4:05 PM |
| **To:** | 'Doug Bryant' |
| **Cc:** | Gastel, Benjamin A; Davis, Brad M. |
| **Subject:** | FW: CA/DHL Resp. to RFA |



CA001.PDF (85 KB)

Doug:

Attached are Conference America's responses to DHL's requests for admissions.  A hard copy is also being served by mail.

Have you received a signature yet on DHL's unsigned responses to interrogatories?  In addition, please let me know when we may expect additional documents in response to Conference America's initial document requests.

Thanks.

Best regards,

Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

## Williams II, Robert P.

**From:**      Williams II, Robert P.
**Sent:**      Friday, June 13, 2008 12:01 PM
**To:**        'Doug Bryant'
**Subject:**   RE: Missing documents

Thanks, Doug. Any word on the electronic records DHL was searching? Also, I haven't heard back from John on my last email regarding deposition dates for Washburn and Sterling in early July, assuming we get the electronic records by then. Can you check on that?

Best,

Bob


Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

-----Original Message-----
**From:** Doug Bryant [mailto:dbryant@wmslawfirm.com]
**Sent:** Friday, June 13, 2008 11:52 AM
**To:** Williams II, Robert P.
**Subject:** RE: Missing documents


Bob, sorry I'm just getting around to answering you on the missing documents.


DHL 0001, 0002, 0756, and 0759 are all e-mails between DHL and its lawyers regarding this matter. Thus they are privileged attorney-client communication, mental impressions of counsel, work product, etc.


Looks like 763 was just inadvertently omitted. It is part of an e-mail exchange between Rob Pirnie & Marc Washburn from March 10, 2005. I'll send it on to you.


Douglas H. Bryant

**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC.**

Suite 400 Park Place Tower

2001 Park Place North

Birmingham, AL  35203

Phone: (205) 639-5300

Facsimile: (205) 639-5350

Email: Dbryant@wmslawfirm.com

**From:** Williams II, Robert P. [mailto:robert.williams@troutmansanders.com]
**Sent:** Tuesday, May 27, 2008 9:06 AM
**To:** Doug Bryant
**Cc:** Gastel, Benjamin A; Davis, Brad M.
**Subject:** Missing documents

Doug:

The missing Bates-stamped documents we discussed are DHL 0001, DHL 0002, DHL 0756, DHL 0759, and DHL 0763.  Also I still haven't received the signed response to our first interrogatories. Please advise.

Best regards,

Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

# EXHIBIT F

## Gastel, Benjamin A

**From:** Williams II, Robert P.
**Sent:** Wednesday, June 18, 2008 4:12 PM
**To:** 'John Whitaker'
**Cc:** Doug Bryant; Joy Presley; Gastel, Benjamin A; Davis, Brad M.; Rob.Whipple@exel.com
**Subject:** RE: Conference America – ESI Records and Depositions

-----Original Message-----
**From:** John Whitaker [mailto:jwhitaker@wmslawfirm.com]
**Sent:** Tuesday, June 17, 2008 6:03 PM
**To:** Williams II, Robert P.
**Cc:** Doug Bryant; Joy Presley; Gastel, Benjamin A; Davis, Brad M.; Rob.Whipple@exel.com
**Subject:** RE: Conference America -- ESI Records and Depositions

Robert: We are doing what we can to get you the records pursuant to your request. Your need for more information reminded me that certain answers to our questions are inaccurate and incomplete. More to the point:

Interrogatory #4: Your response is evasive as you simply say that all accounts were deactivated "as of March 1, 2006." Kindly revise your answer to be responsive to the question.

Interrogatory #12: This question seeks the identity of each person who disputed, complained or in any way challenged the payment of deactivation fees. Put another way, it did not seek the names of the companies who disputed the deactivation fee. Kindly revise your answer to be responsive to the question.

Interrogatory #22: Seeks the identify of any current or former employee(s) who has expressed, verbally or in writing, that your deactivation fees were improper, fraudulent or otherwise wrongfully charged. Your answer limits the response to anyone who complained of the fees charged DHL. The question was not so limiting. Kindly revise your answer to be responsive to the question.

I cannot make myself available as you requested for depositions in July. Those whom you seek to depose have previously scheduled vacations with family, etc. and therefore not available. I understand and respect the Mr. Pirnie's schedule is limited during the month of August. I have however given you six full days in the month of August. You can take our people on two of those days in Atlanta and I will take two of the other days to depose Messrs Pirnie here in Birmingham. If those six days are not enough for you, then let me know and we can work on some more.

*John F. Whitaker*
Whitaker, Mudd, Simms, Luke & Wells, LLC
400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
P: (205) 639-5300
F: (205) 639-5350
C: (205) 910-2808

*jwhitaker@wmslawfirm.com*
*www.wmslawfirm.com*
Federal Tax ID: #26-1495518
 The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may
be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent
responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately
by e-mail, and delete the original message

**From:** Williams II, Robert P. [mailto:robert.williams@troutmansanders.com]
**Sent:** Tuesday, June 17, 2008 2:27 PM
**To:** John Whitaker
**Cc:** Doug Bryant; Joy Presley; Gastel, Benjamin A; Davis, Brad M.; Rob.Whipple@exel.com
**Subject:** RE: Conference America -- ESI Records and Depositions

John:

I'm confused!  Who is Mr. Whipple?  As previously discussed, the deposition dates I'm looking for are in early July for Mssrs. Sterling and Washburn.

I also do not understand the ESI issue.  Can you clarify?  Among other things, we've asked for internal DHL emails, but have received very few.  Have you been able to confirm whether any responsive emails exist, for example on the computers of the DHL employees mentioned in your responses, and if so whether you have received them from DHL?  I appreciate that a more rigorous search using IT personnel may also be needed, but I would think the DHL personnel involved in DHL's relationship with Conference America would be able to provide any undestroyed documents themselves.  Obviously, to the extent DHL destroyed documents, I will need to know when and by whom they were destroyed.

Thank you.

Bob


Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

-----Original Message-----
**From:** John Whitaker [mailto:jwhitaker@wmslawfirm.com]
**Sent:** Tuesday, June 17, 2008 2:36 PM
**To:** Williams II, Robert P.
**Cc:** Doug Bryant; Joy Presley; Gastel, Benjamin A; Davis, Brad M.; Rob Whipple (Rob.Whipple@exel.com)
**Subject:** Conference America -- ESI Records and Depositions

Robert:  We still do not have a definitive answer on the ESI issue.  We are waiting for our IT department to get into it.  As soon as they can we will be able to tell you what, if anything, exists on our system.

Although I have not checked with Mr. Whipple, I am currently available August 12-13, 21-22 and 25-26 of August.

*John F. Whitaker*
Whitaker, Mudd, Simms, Luke & Wells, LLC
400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
P: (205) 639-5300
F: (205) 639-5350
C: (205) 910-2808
*jwhitaker@wmslawfirm.com*
*www.wmslawfirm.com*
Federal Tax ID: #26-1495518

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

# EXHIBIT G

## Williams II, Robert P.

| | |
|---|---|
| **From:** | Williams II, Robert P. |
| **Sent:** | Thursday, May 29, 2008 5:19 PM |
| **To:** | 'Doug Bryant' |
| **Cc:** | Gastel, Benjamin A; Davis, Brad M. |
| **Subject:** | Depositions |

Doug:

I would like to take the depositions of Bob Sterling and Marc Washburn.  Could you please let me know the earliest dates when each of them would be available so that we can prepare an appropriate notice?

Thanks.

Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

8

# EXHIBIT H

**Williams II, Robert P.**

| | |
|---|---|
| **From:** | John Whitaker [jwhitaker@wmslawfirm.com] |
| **Sent:** | Wednesday, June 04, 2008 8:36 AM |
| **To:** | Williams II, Robert P. |
| **Cc:** | Doug Bryant; Joy Presley |
| **Subject:** | Conference America -- ESI Records and Depositions |

Dear Robert: We have an unforeseen, internal delay in examining our computers for ESI. The delay, as I understand it, will be about three weeks. I recognize the Magistrate added an additional five months to the scheduling order we proposed; perhaps to give us time for more discovery in light of the fraud claims. Of course, we agree to bring our two people to Atlanta for their depositions. I know you agree to bring your two clients, the Pirnie's, to Birmingham for their depositions. In light of these problems and changes to the court ordered schedule, I suggest we schedule the depositions for your people and mine during the first two weeks in August.

Best regards,
*John F. Whitaker***

2001 Park Place North
Birmingham, AL 35203
P: 205.639.5300
F: 205.639.5350
C: 205.910.2808
jwhitaker@wmslawfirm.com
www.wmslawfirm.com

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: 2:08-CV-110-SRW |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DHL'S RESPONSE TO CONFERENCE AMERICA'S SECOND REQUEST FOR ADMISSIONS

COMES NOW, DHL Express (USA), Inc. ("DHL"), and responds to Conference

America's Request for Admissions

### GENERAL OBJECTIONS TO REQUESTS FOR ADMISSION

1. We object to the requests to the extent that they, individually or cumulatively, purport to impose on us duties and obligations beyond those permitted by the Federal Rules of Civil Procedure.

2. We reserve all objections as to the relevancy.

3. We object to the requests to the extent they are vague and ambiguous.

4. We object to the requests insofar as they are repetitive and/or substantially overlap with other requests or require DHL to provide the same information more than once, on the ground that such duplicative.

5. We object to the requests to the extent they require us to provide information that constitutes attorney work product, protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of defendant/counter-plaintiff concerning this or any other litigation, or is protected by any other applicable privilege, statute, rule or immunity.

6. The specific responses set forth below are based upon information now available to us and we reserve the right at any time to revise, correct, add to, or clarify the objections or

responses set forth herein.

7.  In each and every response, or sub-part thereof, where we interpose an objection, such objection shall be construed to preserve all of our rights to enter similar objections as to any future supplemental response to such request. Moreover, a failure to object herein shall not constitute a waiver of any objections that we may interpose as to any future supplemental responses.

## RESPONSES TO REQUESTS FOR ADMISSION

1.  Admit that documents relating to the above-styled case between Conference America and DHL were destroyed by DHL.

    **Objection:**

    **DHL objects to this request on the grounds that the term "relating to" is undefined, and is unreasonably vague, overly broad and ambiguous. DHL is unable to reasonably respond to this request, or make a reasonable inquiry, on the grounds that the request is vague, overly broad and ambiguous. Further DHL objections to the implication that any documents were "destroyed" for reasons related to this lawsuit or the attempts of Conference America to collect an unjust charge.**

2.  Admit that Conference America through its counsel, Robert P. Williams II, contact DHL's General Counsel, Jon Olin, and other representatives of DHL's Office of General Counsel, on multiple occasions by telephone and email between September 28, 2006 and November 2, 2006 regarding DHL's outstanding invoice that is the subject of this lawsuit.

    **We admit that counsel for Conference America attempted contact with counsel for DHL but otherwise deny the specifics of this requested admission.**

3.  Admit that Eric Broucek, a DHL attorney working in the General Counsel's Office of DHL, was aware on or before April 26, 2006 of a dispute between Conference America and DHL regarding the deactivation fees charged by Conference America.

    **We admit that counsel for Conference America attempted contact with counsel for DHL but otherwise deny the specifics of this requested admission.**

4.  Admit that DHL destroyed documents relating to the above-styled case between Conference America and DHL after DHL had been contacted by Conference America, or its agents, regarding DHL's outstanding invoice that is the subject of this lawsuit.

    **Objection:**

    **DHL objects to this request on the grounds that the term "relating to" is undefined,**

and is unreasonably vague, overly broad and ambiguous. DHL is unable to reasonably respond to this request, or make a reasonable inquiry, on the grounds that the request is vague, overly broad and ambiguous. Further DHL objections to the implication that any documents were "destroyed" for reasons related to this lawsuit or the attempts of Conference America to collect an unjust charge.

5.    Admit that DHL destroyed documents relating to the above-styled case in violation of DHL's internal, routine data retention policy.

**Objection:**

DHL objects to this request on the grounds that the term "relating to" is undefined, and is unreasonably vague, overly broad and ambiguous. DHL is unable to reasonably respond to this request, or make a reasonable inquiry, on the grounds that the request is vague, overly broad and ambiguous. Further DHL objections to the implication that any documents were "destroyed" for reasons related to this lawsuit or the attempts of Conference America to collect an unjust charge.

6.    Admit that DHL's attorneys working in the office of DHL's General Counsel failed to inform DHL employees in charge of DHL's internal, routine data retention program that Conference America and DHL had a dispute regarding an outstanding invoice that is subject of this lawsuit.

**Objection:**

DHL objects to this request to the extent that it seeks information which constitutes attorney work product, protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions or legal theories of any attorney.

Subject to, and without waiving the above objection, this request for admission is denied.

/s/ John F. Whitaker
John F. Whitaker (WHI006)
Douglas H. Bryant (BRY031)
*Attorneys for Defendant*
*DHL Express (USA), Inc.*

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203-5203
Tel:    (205) 639-5300
Fax:    (205) 639-5350
jwhitaker@wmslawfirm.com
dbryant@wmslawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by electronic filing and placing the same in the United States mail, properly addressed and first-class postage prepaid on this the 24th day of July, 2008.

Robert P. Williams, II
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
(404) 962-6664 (fax)
*Attorney for Plaintiff*

/s/ John F. Whitaker
OF COUNSEL

# EXHIBIT J

**Gastel, Benjamin A**

| | |
|---|---|
| **From:** | Williams II, Robert P. |
| **Sent:** | Friday, July 18, 2008 5:23 PM |
| **To:** | 'Doug Bryant' |
| **Cc:** | Gastel, Benjamin A; Davis, Brad M. |
| **Subject:** | RE: Conference America v. DHL; esi search terms |

Doug:

Here are some additional search terms.  Obviously, you and DHL are in the best position to decide which terms are necessary to capture the requested documents, so I'm suggesting these without waiving or limiting Conference America's right to receive all requested documents.

conferencing
conferencing provider
conferencing service
conference provider
conference service
conferencing agreement
PPP
PPA
price protection
price protection agreement
user pool
user account
yourcall
Sterling
Washburn
Bertalan
Haberlin
Broucek
Hattaway
BT Conferencing
DHL secure conferencing
terminate or termination

I look forward to receiving all responsive documents.

Best,

Bob


Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

-----Original Message-----
**From:** Doug Bryant [mailto:dbryant@wmslawfirm.com]
**Sent:** Thursday, July 17, 2008 5:32 PM
**To:** Williams II, Robert P.
**Subject:** Conference America v. DHL; esi search terms

Bob, as we discussed, we would welcome your suggestions for search terms to be used in DHL's electronic records search. The following are some terms we have come up with. Let me know your thoughts.


Conference America
Pirnie
yourcall.com
conferencing RFP
global RFP
global conferencing
price protection program
leader account
deactivation or deactivate



Douglas H. Bryant
**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC.**
Suite 400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Phone: (205) 639-5300
Facsimile: (205) 639-5350
Email: Dbryant@wmslawfirm.com

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE AMERICA, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DHL EXPRESS (USA), INC.

Conference America, Inc. ("Conference America") requires that Defendant

DHL Express (USA), Inc. ("DHL") produce and permit Conference America or

persons acting on its behalf to inspect and copy the documents or things designated

hereinafter. The production, inspection, copying, and all acts necessarily related

thereto shall take place at the offices of Conference America's counsel of record,

Robert P. Williams, II, Troutman Sanders LLP, Bank of America Plaza – Suite

5200, 600 Peachtree Street N.E., Atlanta, GA 30308-2216. The production,

inspection, and copying shall take place at a mutually convenient time.

**Should you (meaning DHL) consider any document described herein as**

**privileged, Conference America requests that each such document be**

**identified in a privilege log as required by the Federal Rules of Civil**

**Procedure, and the reason asserted for the claim of privilege explained in a manner sufficient to allow the Court to determine whether the asserted privilege properly lies.**

These Requests shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between the time answers are served and the time of conclusion of trial.

When used in these Requests for Production, the words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive. In answering these Requests, you are requested to furnish all information in your possession, custody, or control, including all information in the possession, custody, or control of any person acting on your behalf, including any investigators, agents, or other representatives. When used in these Requests for Production, the terms "Defendant," "you," "your," and/or "DHL" shall embrace and include, in addition to Defendant DHL Express (USA), Inc., all agents, employees, servants, representatives, parent entities, subsidiaries, affiliates, corporate relatives, and/or others who have obtained information for or on behalf of DHL. When used in these Requests for Production, the terms "Plaintiff" and/or "Conference America" shall embrace and include, in addition to Plaintiff Conference America, Inc., all of Conference America's agents, employees, servants, and/or representatives. When used in these

Requests for Production, the term "document(s)" includes every record of any type whatsoever, including but not limited to emails, electronic records, and audio recordings. When used in these Requests for Production, the term "correspondence" includes every record of any type whatsoever, including but not limited to letters, memorandums, emails, electronic records, and audio recordings.

These Requests shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between the time answers are served and the time of conclusion of trial.

### Requests for Production

1.      Please produce all documents and things identified or referenced in any pleading (including your counterclaim) or in your responses to any of Conference America's Requests for Admission or its Interrogatories to you.

2.      Please produce all correspondence, notes, memorandums, or communications by, between, or among your employees, former employees, agents, representatives, any other persons or entities, and/or any combination thereof concerning the above-styled lawsuit, the invoices that are the subject of the above-styled lawsuit, or the services that are the subject of such invoices.

3.      Please produce all correspondence, notes, memorandums, or communications by, between, or among your employees, former employees, agents, representatives, any other persons or entities, and/or any combination

thereof concerning any dealings or transactions between DHL and Conference
America.

4.    Please produce all documents and things discussing or referencing
DHL's use of, or decision not to use, any of Conference America's services.

5.    Please produce all documents or things evidencing or reflecting
correspondence, procedures, notes, memorandums, emails, or communications
concerning how DHL employees were instructed to access or use Conference
America's services.

6.    Please produce all documents or things evidencing or reflecting
communications by, between, or among DHL and its employees (current or
former) directing DHL's employees to cease use of Conference America's
services.  Include a list of all individuals (including current or former employees)
or DHL departments or divisions that either sent or received such communications.

7.    Please produce all documents or things evidencing or reflecting (1) all
of DHL's document or records retention or destruction policies or procedures
affecting any records, communications, correspondence, notes, memorandums,
documents, or things relating to Conference America; and (2) all communications
made with respect to (a) such policies or procedures since May 31, 2005; or (b)
any documents or things relating to Conference America that have been destroyed,
whether pursuant to such policies or procedures or otherwise, since May 31, 2005.

8.    Please produce all documents or things discussing, evidencing, or reflecting any of Conference America's prices for any of its services.

9.    Please produce all documents or things discussing, evidencing, or reflecting the deactivation of any DHL account with Conference America or the transition or transfer of DHL conferencing users from Conference America to any other conferencing providers.

This 1st day of April 2008.

TROUTMAN SANDERS LLP


/s/ Robert P. Williams, II
Robert P. Williams, II
Ga. Bar No. 765413
Thomas E. Borton IV (BOR011)

5200 Bank of America Plaza          Attorneys for Plaintiff Conference
600 Peachtree Street, N.E.          America, Inc.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6664 (fax)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within and foregoing

***CONFERENCE AMERICA, INC.'S FIRST REQUESTS FOR PRODUCTION***

***OF DOCUMENTS AND THINGS TO DHL EXPRESS (USA), INC.*** were

electronically filed with the Clerk of Court using the CM/ECF system and were

served via electronic mail (through CM/ECF) and United States Mail upon counsel

for DHL Express (USA), Inc.:

John F. Whitaker
Douglas H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 1st day of April 2008.

/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)

# EXHIBIT L

## Williams II, Robert P.

**From:** Williams II, Robert P.
**Sent:** Friday, August 08, 2008 11:57 AM
**To:** 'Doug Bryant'
**Subject:** 8/12, 13 Depositions

Dear Doug:

As promised, I considered again your request made last night that we reschedule the Washburn and Sterling depositions in light of your client's anticipated belated production of documents, which we of course have not received. You indicated that you expect to receive the results of your client's search of its electronic records, but do not know whether any of those documents will actually be responsive to our outstanding requests for production. In view of the substantial delays that Conference America has already experienced in obtaining discovery in this case, I cannot agree to any further delay and will therefore plan to proceed as scheduled with the depositions next week. If any of the anticipated additional documents do turn out to be responsive and these witnesses appear to have information relating to them, we reserve the right to recall the witnesses and question them as necessary. Obviously, to the extent you receive documents and determine that any are responsive, we expect DHL to produce them immediately. We look forward to seeing you and the witnesses on Tuesday as originally agreed.

Best regards,

Bob


Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

# EXHIBIT M

**Williams II, Robert P.**

**From:** Lucretia Branham [lbranham@wmslawfirm.com]

**Sent:** Friday, August 08, 2008 4:00 PM

**To:**  Williams II, Robert P.


Lucretia Branham
Legal Assistant to K. Phillip Luke
Dd: (205) 639-5303
Em: lbranham@wmslawfirm.com

 WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC

400 Park Place Tower, 2001 Park Place North · Birmingham, Alabama 35203
Phone: 205.639.5300 · Fax: 205.639.5350 · www.wmslawfirm.com

# WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
## ATTORNEYS AND COUNSELORS AT LAW

400 PARK PLACE TOWER
2001 PARK PLACE NORTH
BIRMINGHAM, AL 35203

Tax Id #26-1495518

TELEPHONE: (205) 639-5300
FACSIMILE: (205) 639-5350

*Dbryant@wmslawfirm.com*

August 8, 2008

Robert P. Williams, Esq.
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

     *Re:*   *Conference America v. DHL*
           CV:   2:08-cv-110-SRW
           *Our File No: 5789.6*

Dear Bob:

This letter will confirm our decision to cancel the depositions of Marc Washburn and Bob Sterling, set for August 12 and 13. As you know, we have unresolved discovery issues concerning the production of documents. After initially producing all non-privileged documents that DHL was able to locate relative to this matter, you expressed concern regarding whether DHL possessed additional documents. After discussing these matters with our client, we decided to move forward with a electronic search. Following this decision, we learned that DHL's internal IT department was experiencing a backlog, and was unable to perform the search in a timely manner. Therefore, DHL retained an outside group to perform the search, so that the documents could be located as quickly as possible. As we discussed, this search has just been completed and has returned thousands of potentially relevant files. These documents are currently being put on a drive, and are being organized for review by us. Unfortunately, these documents will not be ready for review before the depositions of Marc Washburn and Bob Sterling, which are currently scheduled for the 12th and 13th of August.

We feel that it is in the best interest of both parties to have an opportunity to review these documents prior to the depositions of Sterling and Washburn. You indicated that you would prefer

to go ahead with these depositions on the scheduled dates, provided that you would reserve your right to re-examine the witnesses following the production of any additional documents. Instead, we propose that the depositions be moved to August 25th and 26th (the dates currently scheduled for your clients' depositions). This would allow the documents to be reviewed, and would eliminate any possibility that you would need to redepose the witnesses after receipt of additional documents discovered by the electronic search.

While we are extremely sorry for the delay, we feel that the delay is minor and reasonable. Please confirm that we will move forward with the depositions of Washburn and Sterling on the 25th and 26th at your offices in Atlanta, and we will reschedule the depositions of the Pirnies for a mutually agreeable time shortly thereafter.

Sincerely,

Douglas H. Bryant

# EXHIBIT N

**Williams II, Robert P.**

| | |
|---|---|
| **From:** | Doug Bryant [dbryant@wmslawfirm.com] |
| **Sent:** | Friday, August 15, 2008 5:14 PM |
| **To:** | Williams II, Robert P. |
| **Cc:** | John Whitaker |
| **Subject:** | Conference America v. DHL |



Scan08081514130.
pdf (4 MB)

Bob, attached are some additional documents from DHL.


Douglas H. Bryant

**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC.**

Suite 400 Park Place Tower

2001 Park Place North

Birmingham, AL  35203

Phone: (205) 639-5300

Facsimile: (205) 639-5350

Email: Dbryant@wmslawfirm.com

# EXHIBIT O

**Pirnie, Rob**

| | |
|---|---|
| **From:** | Bob Sterling (DHL US) [Bob.Sterling@dhl.com] |
| **Sent:** | Wednesday, April 26, 2006 12:03 PM |
| **To:** | Pirnie, Rob |
| **Cc:** | Eric Broucek (DHL) |
| **Subject:** | Last Invoice |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Mr. Rob Pirnie,

I have attempted to communicate with you on at least 6 occasions. Unfortunately, my attempts to reach you have been in vain. To clarify the DHL position, we do not plan on paying the invoice amount without additional documentation. Please contact me, at your schedule, to further discuss this matter.

Thank you for your cooperation.

Bob Sterling
Procurement Manager

CA 03313

# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONFERENCE AMERICA, INC.'S RESPONSES AND OBJECTIONS TO DHL'S
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff Conference America,

Inc. ("Conference America") submits these Responses and Objections to the First Request for

Production of Documents served by Defendant DHL Express (USA), Inc. ("DHL") in the above-

captioned action and states as follows:

**PRELIMINARY STATEMENT**

These Responses and Objections to Defendant's First Request for Production of

Documents are based upon information presently available to Conference America, which it

believes to be correct.  Said responses are made without prejudice to Conference America's right

to utilize subsequently discovered facts or documents.  Responses to these requests may be

supplemented upon Conference America's further investigation and acquisition of information or

documents which Conference America either does not possess or cannot locate at this time.

However, any such further supplementation shall only be made in accordance with the

requirements of the Federal Rules of Civil Procedure.  These responses are neither intended as,

nor shall in any way be deemed, an admission or representation that further information or

documents do or do not exist. This Preliminary Statement is incorporated in each of the responses set forth below.

## GENERAL OBJECTIONS

1.     Conference America objects to providing any information that constitutes an attorney-client communication.

2.     Conference America objects to providing work product information prepared in anticipation of litigation or any information that constitutes opinion work product.

3.     Conference America objects to any and all requests that ask for "all" information or documents on a given matter to the extent it requires the production of evidence not relevant to, nor reasonably calculated to lead to admissible evidence supporting the claims of either party.

4.     Conference America objects to DHL's requests to the extent that they are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Conference America objects to DHL's definitions to the extent that they impose obligations upon Conference America beyond those of the Federal Rules of Civil Procedure.

6.     Conference America objects to responding to DHL's requests to the extent that such responsive information is available in the public record or is already in DHL's possession.

7.     Conference America objects to DHL's requests to the extent that they seek information and documents that constitute or contain confidential business and commercial information of Conference America or confidential information of Conference America's employees or customers.

8.     Conference America objects to DHL's Requests to the extent that they seek documents or information that is not in Conference America's possession, custody, or control.

2

9.      These General Objections are incorporated in each of the responses set forth

below.

## CONFERENCE AMERICA'S RESPONSES TO DHL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1**: Documents evidencing or relating to any communication between you and DHL concerning in any way activation or deactivation of accounts.

**Response to Request No. 1**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request on the grounds that it is overly broad and unduly burdensome.

Conference America further objects to this Request to the extent that it seeks documents already

in DHL's possession.  Subject to and without waiving any objection, Conference America has

provided non-privileged, responsive documents in documents sent contemporaneously with these

responses.


**Request No. 2**: Documents evidencing or relating to an explanation of "leader accounts", "user accounts" and "accounts."

**Response to Request No. 2**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request to the extent that it is overly broad and unduly burdensome.  Subject to

and without waiving any objection, Conference America states that, at this time, it is not aware

of any responsive documents in its possession, custody, or control.


**Request No. 3**: Documents evidencing or relating to any said explanations provided to DHL.

**Response to Request No. 3**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects on the grounds that the phrase "any said explanations" is vague. Conference America further objects to this Request to the extent that it seeks documents already in DHL's possession. Subject to and without waiving any objection, Conference America states that, at this time, it is not aware of any responsive documents in its possession, custody, or control.

**Request No. 4**: Documents evidencing or relating to the process of activating an account.

**Response to Request No. 4**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further objects to this Request to the extent that it is overly broad and vague regarding the meaning of the term "process". Conference America further objects to this Request to the extent that it seeks confidential, proprietary business information that should only be disclosed under a protective order preventing said information from being used for any purpose outside the resolution of this lawsuit. Subject to and without waiving any objection, Conference America will make responsive documents available at a mutually convenient time and place, subject to an appropriate protective order.

**Request No. 5**: Documents evidencing or relating to the process of deactivating an account.

**Response to Request No. 5**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further objects to this Request to the extent that it seeks confidential, proprietary business information that should only be disclosed under a protective order preventing said information from being used for any purpose outside the resolution of this lawsuit. Subject to and without waiving any objection, Conference America has provided non-privileged, responsive documents in

4

documents sent contemporaneously with these responses. Conference America will make additional responsive documents available at a mutually convenient time and place, subject to an appropriate protective order.

**Request No. 6**: Documents evidencing or relating to the deactivation of the DHL accounts.

**Response to Request No. 6**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further objects to this Request to the extent that it is overly broad. Subject to and without waiving any objection, Conference America has provided non-privileged, responsive documents in documents sent contemporaneously with these responses.

**Request No. 7**: Documents evidencing or relating to your contention that on or about March 2006 DHL had 1,981 separate accounts.

**Response to Request No. 7**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further objects to this Request to the extent that it is overly broad. Conference America further objects to this Request to the extent that it asks for documents already produced or made available to DHL. Subject to and without waiving any objection, Conference America has provided non-privileged, responsive documents in documents sent contemporaneously with these responses.

**Request No. 8**: Documents evidencing or relating to any use or conference calls activity with respect to any DHL accounts on or after June 1, 2005.

**Response to Request No. 8**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further

objects to this Request to the extent that it requests documents already produced or made

available to DHL.  Subject to and without waiving any objection, Conference America has

provided non-privileged, responsive documents in documents sent contemporaneously with these

responses.

**Request No. 9**: Documents, including pamphlets, brochures, or other documents provided by
you to DHL regarding Conference America's "services".

**Response to Request No. 9**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request on the grounds that the term "services" is vague.  Conference America

further objects to this Request to the extent that it asks for documents already in DHL's

possession. Subject to and without waiving any objection, Conference America has provided

non-privileged, responsive documents in documents sent contemporaneously with these

responses.

**Request No. 10**: Documents evidencing or relating to the Price Protection Program ("PPP")
agreement between you and DHL.

**Response to Request No. 10**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request to the extent that it asks for documents already in DHL's possession.

Subject to and without waiving any objection, Conference America has provided non-privileged,

responsive documents in documents sent contemporaneously with these responses.

**Request No. 11**: Documents evidencing or relating to any request to cancel all DHL accounts.

6

**Response to Request No. 11**: Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request on the grounds that it is vague and overly broad.  Conference America

further objects to this Request to the extent that it asks for documents already produced or made

available to DHL.  Subject to and without waiving any objection, Conference America has

provided non-privileged, responsive documents in documents sent contemporaneously with these

responses.

**Request No. 12**: Documents evidencing or relating to your failure or refusal to honor DHL's
May 26, 2005 request to cancel all DHL accounts.

**Response to Request No. 12**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Subject to and without

waiving any objection, Conference America has provided non-privileged, responsive documents

in documents sent contemporaneously with these responses.

**Request No. 13**: Documents evidencing or relating to your policy and procedures for issuing,
creating, or otherwise assigning conferencing numbers, "leader accounts," assigned numbers,
pass codes, pin numbers or other internal designations for use by a customer's employees/agents
in accessing your conferencing services.

**Response to Request No. 13**:  Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production.  Conference America further

objects to this Request to the extent that it asks for documents already produced or made

available to DHL.  Conference America further objects to this Request to the extent that it seeks

confidential, proprietary business information that should only be disclosed under a protective

order preventing said information from being used for any purpose outside the resolution of this

lawsuit. Subject to and without waiving any objection, Conference America will make

responsive documents available at a mutually convenient time and place, subject to an

appropriate protective order.

**Request No. 14**: Documents evidencing or relating to former PPP customers, from whom you sought or are seeking deactivation fees other than fees pursuant to their PPP agreements.

**Response to Request No. 14**: Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production. Conference America objects

to this Request on the grounds that it is overly broad and seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15**: Documents evidencing or relating to any "associated services" (as that phrase is used in the PPP agreement) provided to DHL.

**Response to Request No. 15**: Conference America incorporates its Preliminary Statement and

General Objections into its response to this Request for Production. Subject to and without

waiving any objection, Conference America has provided non-privileged, responsive documents

in documents sent contemporaneously with these responses.

**Request No. 16**: Documents evidencing or relating to the conference call services you provide.

8

**Response to Request No. 16**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Subject to and without waiving any objection, Conference America has provided non-privileged, responsive documents in documents sent contemporaneously with these responses.

**Request No. 17**: Documents evidencing or relating to deactivation services provided to your company personnel.

**Response to Request No. 17**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Subject to and without waiving any objection, Conference America states that it does not provide deactivation services to its company personnel.

**Request No. 18**: Documents evidencing or relating to your actual costs to deactivate one account.

**Response to Request No. 18**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Subject to and without waiving any objection, Conference America states that, at this time, it is not aware of any responsive documents in its possession, custody, or control.

**Request No. 19**: Documents evidencing or relating to the total number of accounts deactivated by Conference America for each calendar year commencing with 2000.

**Response to Request No. 19**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, Conference America has provided non-privileged, responsive documents in documents sent contemporaneously with these responses.

**Request No. 20**: Conference America's corporate tax returns from the years 2000 to 2007.

**Response to Request No. 20**:  Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production.  Conference America objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 21**: Documents evidencing or relating to any laws, rules or regulations, whether state or federal, that regulates the rates or fees charged in the conference calling industry.

**Response to Request No. 21**:  Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production.  Conference America objects to this Request on the grounds that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Conference America further objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, the work-product privilege, or any other applicable privilege.  Conference America further objects to the extent that this Request calls for Conference America to produce documents not in its possession, custody, or control.  Subject to and without waiving any objection, Conference America states that its services are not subject to any rate tariff, schedule, or other kinds of rates prescribed by any governmental body.

**Request No. 22**: Documents evidencing or relating to the conference call industry's policies regarding deactivation fees.

10

**Response to Request No. 22**: Conference America incorporates its Preliminary Statement and General Objections into its response to this Request for Production. Conference America further objects to this Request on the grounds that it is overly broad and unduly burdensome. Conference America further objects to this Request on the grounds that the phrase "conference call industry's policies" is vague. Conference America further objects to the extent that this Request calls for Conference America to produce documents not in its possession, custody, or control. Subject to and without waiving any objection, Conference America states that, at this time, it is not aware of any responsive documents in its possession, custody, or control.

This 20th day of May, 2008.

TROUTMAN SANDERS LLP

ROBERT P. WILLIAMS II
(Pro Hac Vice, Georgia Bar No. 765413)
BRAD DAVIS
(Pro Hac Vice, Georgia Bar No. 141505)
BENJAMIN A. GASTEL
(Pro Hac Vice, Georgia Bar No. 432776)

Attorneys for Plaintiff Conference America, Inc.

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 2:08-cv-110-SRW |
| v. | ) | |
| | ) | |
| DHL EXPRESS (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day served upon counsel for all parties a copy of the foregoing **CONFERENCE AMERICA INC.'S RESPONSES AND OBJECTIONS TO DHL'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by U.S. Mail, postage pre-paid, and Federal Express:

John F. Whitaker
Douglass H. Bryant
Whitaker, Mudd, Simms, Luke & Wells, LLC
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203-5203

This 20TH day of May 2008.

BENJAMIN A. GASTEL
Georgia Bar No. 432776

12

# EXHIBIT Q

**Gastel, Benjamin A**

| | |
|---|---|
| **From:** | Williams II, Robert P. |
| **Sent:** | Monday, May 05, 2008 1:45 PM |
| **To:** | 'dbryant@wmslawfirm.com' |
| **Cc:** | Gastel, Benjamin A |
| **Subject:** | DHL's Discovery Responses |

Doug:

As discussed, based on your representation that you are still seeking and reviewing documents from your client, Conference America agrees to a one-week extension on DHL's responses to Conference America's First Interrogatories and First Requests for Production, with responses due in our office on Monday, May 12, 2008, and with the understanding that DHL will provide its responses to Conference America's First Requests for Admission today.

Regards,

Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

# EXHIBIT R

## Williams II, Robert P.

| | |
|---|---|
| **From:** | Williams II, Robert P. |
| **Sent:** | Thursday, May 15, 2008 12:08 PM |
| **To:** | 'Doug Bryant' |
| **Cc:** | Gastel, Benjamin A; Davis, Brad M. |
| **Subject:** | RE: Oversized Message Rejected |

Doug -

I received the package and CD and we are printing them now. The responses to interrogatories seem to be missing. Did you send them?

Most of the emails included in the package seem to have been electronically garbled somewhere in the copying process. Can you please check them and send correct versions?

I note that there appear to be no emails, memos, notes or other documents to, from or between Mssrs. Sterling, Washburn, Gallagher, or other DHL personnel involved in this dispute, other than those emails and letters directed to or from Conference America. Can you confirm that you have requested those documents and that your client has represented that no such documents exist? If so, can you please confirm whether any such documents within the scope of our request for production have been destroyed, and if so when, by whom and why? As previously discussed, this is a matter of great concern. If any such documents exist and have not been produced, please explain the reason.

I note that some Bates-numbered documents appear to have been omitted. Can you explain the reason?

Thanks.

Best regards,

Bob


Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

> -----Original Message-----
> **From:** Doug Bryant [mailto:dbryant@wmslawfirm.com]
> **Sent:** Wednesday, May 14, 2008 3:56 PM
> **To:** Williams II, Robert P.
> **Subject:** RE: Oversized Message Rejected
>
> Will do.
>
> **From:** Williams II, Robert P. [mailto:robert.williams@troutmansanders.com]

**Sent:** Wednesday, May 14, 2008 2:55 PM
**To:** Doug Bryant
**Subject:** RE: Oversized Message Rejected

Hi Doug.  The files are pretty enormous, so please overnight them.  Thanks.  Bob

Robert P. Williams
Troutman Sanders LLP
Bank of America Plaza
Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Tel. (404) 885-3438
Fax. (404) 962-6721

-----Original Message-----
**From:** Doug Bryant [mailto:dbryant@wmslawfirm.com]
**Sent:** Wednesday, May 14, 2008 3:35 PM
**To:** Williams II, Robert P.
**Subject:** FW: Oversized Message Rejected

Bob, looks like my attempt to send the documents via e-mail didn't work.  I'll try again, unless you
would rather I just mailed them.

Douglas H. Bryant
**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC.**
Suite 400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Phone: (205) 639-5300
Facsimile: (205) 639-5350
Email: Dbryant@wmslawfirm.com

**From:** mailmarshalarray@troutmansanders.com [mailto:mailmarshalarray@troutmansanders.com]
**Sent:** Wednesday, May 14, 2008 2:31 PM
**To:** Doug Bryant; robert.williams@troutmansanders.com
**Subject:** Oversized Message Rejected

Your message sent on 05/14/08 at 15:30:58, intended for robert.williams@troutmansanders.com,
has been rejected because the attachment size exceeds our maximum limit of 50 MB. If you have
any questions, or would like assistance, please contact Troutman Sanders IT Support via any of the
numbers listed below.  You may also contact the person intended for receipt,
robert.williams@troutmansanders.com. Thank you.

Toll-free number: 877-516-1222
Any TS office 1222
Atlanta  404 885-3757
Richmond 804 697-1222

Washington 202 274-2929
Tysons  703 734-4390
Norfolk/Vbeach 757 687-7599
Raleigh 919 212-4159
London  2070652665
Hong Kong 852 2533-7820
New York 877-516-1222

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CONFERENCE AMERICA, INC.,    )
    )
    Plaintiff,    )
    )
v.    )   CASE NO: 2:08-CV-110-SRW
    )
DHL EXPRESS (USA), INC.,    )
    )
    Defendant.    )

## DHL'S ANSWERS TO CONFERENCE AMERICA'S SECOND INTERROGATORIES

COMES NOW Defendant DHL Express, Inc. ("DHL") and, answers Conference America's Interrogatories as follows:

### GENERAL OBJECTIONS

1.    We reserve all objections as to the competency, relevancy, and admissibility; all objections as to burden, vagueness, overbreadth and ambiguity; and all rights to object on any ground to the use of any answer or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this, or any other, action.

2.    We object to the questions that are overly broad, vague, ambiguous, unduly burdensome or fail to specify the information sought with reasonable particularity, and to the extent that they seek information that is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside the scope of discovery permitted by the *Federal Rules of Civil Procedure.*

3.    We object to the questions insofar as they are repetitive and/or substantially overlap with other questions requiring us to provide the same information more than once, on the ground that such duplicative disclosure is unduly burdensome.

4.    We object to the questions to the extent that they seek information that constitute or disclose confidential business or personal information. We object to the questions to the extent that they require us to violate any applicable contractual obligations to third parties.

5.    We object to the questions to the extent they require us to produce documents or information

that was prepared for or in anticipation of litigation, constitutes attorney work product, is protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of this plaintiff concerning this or any other litigation, or is protected by any other applicable privilege, statute, rule or immunity. Such information will not be produced to defendant, and any inadvertent providing of such information shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply.

6.    The specific answers set forth below are based upon information now available to us and we reserve the right at any time to revise, correct, add to, or clarify the objections or answers set forth herein.

7.    In each and every answer, where we interpose an objection, such objection shall be construed to preserve all of our rights to enter similar objections as to any future supplemental answers to such questions. Moreover, a failure to object herein shall not constitute a waiver of any objections that we may interpose as to any future supplemental answers.

## ANSWERS TO INTERROGATORIES

1.    Identify all facts, documents, things or witnesses on which each allegation of the Whitaker Affidavit is based.

**ANSWER:**    **The allegations contained in the first two sentences of paragraph 4 are based on the documents and depositions related to the Conexant case, which indicate that Conference America was losing the business of several companies, including Conexant, DHL, Biomerieux and Mindspeed at or around the same time.**

**The allegations sentence 4 of paragraph 4 are based on the documents, e-mails, and correspondence between DHL and Conference America requested the user accounts be deactivated. The allegations of sentence 5 of paragraph 4 is based on the DHL PPP agreement. The allegations of sentence 6 is based on the e-mails between DHL and Conference America and other documents previously produced and Conference America's responses to interrogatories, whereby Conference America admits that it received such notice, yet refused to deactivate the accounts as requested. The allegations of sentence 7 are based on the testimony of Paul Edge given in the Conexant matter. The allegations of sentence 8 are based on an e-mail sent by Conference America to a DHL employee which has been previously produced in this matter. The allegations of sentence 9 are based on testimony which will be provided by Bob Sterling. The allegations of sentences 10 and 11 are based the testimony of Jason Shanks and Paul Edge. Edge will testify that he reviewed the terms and conditions of the webpage at or around the time that DHL requested termination and no fee for deactivation was present and Shanks will testify that on one occasion he was asked to back date a copy of the terms and conditions and place that document in a customer's file.**

The allegations of sentences 12 and 13 of paragraph 4 are based on a spreadsheet provided by Conference America showing substantially fewer DHL leader accounts, and which has already been produced in this matter. The allegations of paragraph 17 are based on the testimony given by Robert Pirnie in the Conexant case. The allegations of sentence 18 are based on the fact that DHL has been unable to locate similar e-mails sent to all accounts allegedly "active" at the time of deactivation.

The allegations contained in sentences 2 through 4 of paragraph 5 of the Whitaker affidavit refer to the testimony of Jason Shanks given in the Conexant matter.

2.    Identify all documents, dates, persons involved, and reasons for each admission or denial of each Request for Admission.

**ANSWER:**    See DHL's responses to Conference America's First Request for Admissions to DHL, numbers. With regard to First Request for Production, number 11, DHL states that it did maintain a number of invoices reflecting employee usage, and also maintained a spreadsheet with user names. DHL has already produced these documents to Conference America.

3.    Identify all persons involved at any time with searching DHL's electronic records and/or electronic databases for documents relating to this dispute.

**ANSWER:**    DHL objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine or that was prepared in anticipation of litigation.

Subject to, and without waiving the above objection, DHL Corporate Counsel and support staff; Marc Washburn; Bob Sterling; and Brian Haberlin. Additionally, DHL has retained a third-party vendor, Guidance Software, to perform an electronic search.

/s/ John F. Whitaker
John F. Whitaker (WHI006)
Douglas H. Bryant (BRY031)
*Attorneys for Defendant*
*DHL Express (USA), Inc.*

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203-5203
Tel:    (205) 639-5300
Fax:    (205) 639-5350
jwhitaker@wmslawfirm.com
dbryant@wmslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by electronic filing and placing the same in the United States mail, properly addressed and first-class postage prepaid on this the 31st day of July, 2008.

Robert Williams
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
(404) 962-6664 (fax)
*Attorney for Plaintiff*


                              /s/ John F. Whitaker
                              OF COUNSEL


Z:\JFW\Conference\Discovery\09 DHL's Answer to 2nd Interrogatories.wpd