IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CONFERENCE AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO: 2:08-CV-110-SRW |
| ) | |
| DHL EXPRESS (USA), INC., ) | |
| ) | |
| Defendant. ) | |

## DHL'S REPLY TO CONFERENCE AMERICA'S RESPONSE TO MOTION FOR PROTECTIVE ORDER

COMES NOW the defendant, DHL Express, Inc. ("DHL"), and in reply to Conference America's response to DHL's Motion for a Protective Order, states as follows:

This matter arises from a dispute, whereby DHL informed Conference America that they would be terminating their service and requested that all DHL accounts with Conference America be deactivated ("We are requesting that all accounts be deactivated by May31, 2005"). One month before this request, DHL asked Conference America to provide them with the names of all such accounts ("Rob [Conference America vice-president], At our lunch I asked for a user pool that is registered with Conference America. I need that pool.") Conference America supplied DHL with a list of 338 names.

While Conference America accepted DHL's termination of the parties' written agreement, it failed to terminate the DHL accounts with this language: "Additionally, it is not our responsiblity to enforce your internal policy directives within DHL.") Conference America said NOTHING about (1) that the pool of users totaled 1,968, not 338; (2) that if they deactivated the accounts under the then existing contract they could charge us nothing or (3) that if they kept the accounts open DHL would somehow fall into ANOTHER agreement that required payment of another we nor that accounts  DHL continued to demand that Conference America $74.95 per account to terminate! THAT IS WHAT THIS CASE IS ABOUT. DHL disputes both the deactivation fees and the number of active accounts, and hence this litigation.

In response to Conference America's discovery request, DHL has provided nearly 1,000 pages of documents. Conference America, however, asserts that DHL has failed to provide certain documents in its possession. Conference America's position is based solely on its assumption that other documents exist. DHL, however, has had its employees likely to have such information search their computers and files, and have produced all documents responsive to Conference America's requests for production. DHL has in fact provided internal e-mails and documents relating to the dispute regarding Conference America and relating to DHL's consolidating its

conference call providers to a single provider.

As detailed in Conference America's response to DHL's motion for protective order, following DHL's production, Conference America continued to request additional documents and has accused DHL of destroying documents – an allegation for which there is no evidence, and to which this writer takes great exception.

In a good faith attempt to answer Conference America's demands that DHL produce documents which there was no evidence DHL even possessed, DHL began the process of an electronic search, with search terms suggested by Conference America as broad as "conferencing", "conference service" and "user account." Out of caution the time frame for the search started in January 2004 and ran through "the present" or August 2008.

In addition, DHL retained an outside eDiscovery vendor to conduct the search at a substantial cost ($25,884.30). This search returned data, which is currently being stored on two drives, but is inaccessible in its current format. DHL has been informed that it may cost an additional $52,000.00 to process the data into a format where it can be reviewed and eventually produced. This additional quote was unexpected by DHL, and given the high cost relative to the amount in controversy, DHL moved for this protective order.

Rule 26(b), Fed. R. Civ. P., provides that "[a] party need not provide discovery

of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or costs." In the present matter, the cost of accessing the electronically stored information is undue. As noted in DHL's motion for protective order, DHL has already spent $25,884.30 to perform an initial electronic search, and has been informed that it may cost as much as $52,000.00 more to properly format and sift through the data located by the initial search. Thus, the total cost of the eDiscovery may equal nearly half of the $163,175.10 amount in controversy. As such, it is clear that the electronically stored information at issue is not reasonably accessible given the undue costs of production of such information. See, e.g., Semsroth v. City of Wichita, 239 F.R.D. 630, 637 (D. Kan. 2006) (noting that the recent amendments to Rule 26 provides that inaccessibility is to be determined on the basis of cost of production or undue burden). According to Rule 26(b), DHL need not provide this electronic discovery.

Nevertheless, should this court enter a protective order shifting the cost of the electronic discovery to Conference America, DHL will process and produce any relevant data located on the two drives collected in the initial phase of the electronic search.

WHEREFORE PREMISES CONSIDERED, DHL requests that this Court enter a protective order shifting the costs of the aforementioned eDiscovery to Conference

America.

                                        /s/ John F. Whitaker
                                        John F. Whitaker (WHI006)
                                        Douglas H. Bryant (BRY031)
                                        *Attorneys for Defendant*
                                        *DHL Express (USA), Inc.*

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203-5203
Tel:   (205) 639-5300
Fax:   (205) 639-5350
jwhitaker@wmslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by electronic filing and placing the same in the United States mail, properly addressed and first-class postage prepaid on this the 21st day of August, 2008.

Robert Williams
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
(404) 962-6664 (fax)

/s/ John F. Whitaker
OF COUNSEL

Z:\JFW\Conference America\Pleadings\Motions\Reply to Response in Opposition to Protective Order 8.08.wpd